1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11

KRZYSZTOF F. WOLINSKI,            No.  2:17-cv-00583 MCE AC P

        Plaintiff,

      v.                         ORDER

J. LEWIS, et al.,

        Defendants.

Defendants removed this action from the San Joaquin County Superior Court to this district on March 17, 2017.  ECF No. 2.  Plaintiff, who is a state prisoner, moved for an extension of time to file a motion to remand on May 15, 2017.  ECF No. 7.  He asked for an additional sixty days and stated that the basis for his motion would be that this case is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).  ECF No. 7 at 2.  Plaintiff claimed that an extension of time was necessary because he had been hospitalized in three separate facilities since March 4, 2017, and had not had access to either his legal materials or a law library. Id. at 1-2.  The court granted plaintiff's request for extension of time and his motion was due by July 17, 2017.  ECF No. 8.  To date, he has not filed his motion or sought additional time.

A motion to remand based on any defect other than lack of subject matter jurisdiction must be made within thirty days of the filing of the notice of removal.  See 28 U.S.C. § 1447(c). There is authority holding that the Heck bar is not jurisdictional.  See, e.g., Okoro v. Bohman,

1

164 F.3d 1059, 1061 (7th Cir. 1999); <u>Jiron v. City of Lakewood</u>, 392 F.3d 410, 413 n.1 (10th Cir. 2004). Accordingly, to the extent plaintiff seeks to file a motion to remand based on the <u>Heck</u> bar, he must do so in a timely way. **Plaintiff will have a final opportunity to submit his motion. Within thirty days of this order's entry plaintiff should either submit his motion to remand or explain why there is good cause for a further extension of time.** Having already granted plaintiff a ninety-day extension, the court is disinclined to extend the deadline further absent a showing of extraordinary circumstances. Failure to submit his motion within the deadline will almost certainly preclude him from raising a similar removal motion in the future, as it will be deemed untimely.

SO ORDERED.

DATED: July 28, 2017.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2