UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>J. LEWIS, et al.,<br><br>    Defendants. | No. 2:17-cv-00583 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Defendants removed this action from the San Joaquin County Superior Court on March 17, 2017. ECF No. 2. Plaintiff, who is a state prisoner, moved on August 3, 2017 to remand the case to state court. ECF No. 12. Defendants filed an opposition to that motion on August 24, 2017. ECF No. 13. Plaintiff has not submitted a reply and the time for doing so has expired. After review of the pleadings, the court recommends that plaintiff's motion be denied.

I.     <u>Legal Standards</u>

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation, L.L.C. v. Department

1

of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an independent obligation to examine their own jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990).

II. Analysis

Defendants have provided a copy of plaintiff's state court complaint with their notice of removal. ECF No. 2. The complaint runs to approximately two-hundred and thirty pages, many of which are grievance forms, medical records, or disciplinary records which were obviously not prepared in anticipation of this litigation and which do not explain plaintiff's claims. Id. at 6-237. Nevertheless, the complaint's initial pages indicate that plaintiff is attempting to raise federal claims. He alleges, for instance, that defendant J. Porras, the chief deputy warden at the California Health Care Facility, violated plaintiff's due process and equal protection rights under state and federal law by assigning plaintiff to the Special Housing Unit. Id. at 9. Plaintiff also alleges that defendant J. Lewis has violated his due process rights, again under state and federal law, by frustrating his attempts to access the prison grievance process. Id. at 10. The complaint makes numerous references to plaintiff's status as an "ADA patient" – presumably a reference to the Americans with Disabilities Act, though he does not clearly explain how his rights have been violated under that act. Id. at 13, 26. Consequently, the court concludes that it has jurisdiction over plaintiff's claims. See Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). In turn, it may exercise supplemental jurisdiction over plaintiff's remaining state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Having concluded that federal question jurisdiction exists, the court turns to the argument raised in plaintiff's motion to remand. ECF No. 12. Plaintiff argues that the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994) deprives this court of jurisdiction over his claims. ECF No. 12 at 2-4. In Heck, the Supreme Court held that:

////

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87. Having cited Heck in support of his motion to remand, plaintiff fails to explain how this decision actually applies to his claims. Instead, he sets forth various allegations relating to the grievance system and access to courts at the California Health Care Facility. ECF No. 12 at 3-4.[1] The court sees no reason why, if he were to ultimately prevail on these particular claims, the legality of his conviction would be called into question. Plaintiff's motion should be denied on this basis alone.

Additionally, the court is not convinced that Heck is jurisdictional. The Ninth Circuit, in a recent decision, declined to take up this question. See Washington v. L.A. County Sheriff's Dep't, 833 F.3d 1048, 1058 n.7 (9th Cir. 2016) ("Similarly, Washington contends that a Heck dismissal is properly considered jurisdictional in nature, and should therefore not trigger a strike. Because we conclude that Washington's partial dismissal under Heck did not warrant a PLRA strike, we decline to reach this alternative argument."). At least two other circuits have held that Heck is not jurisdictional. See Okoro v. Bohman, 164 F.3d 1059, 1061 (7th Cir. 1999); Jiron v. City of Lakewood, 392 F.3d 410, 413 n. 1 (10th Cir. 2004) (citing Okoro, 164 F.3d at 1061); see also Bolick v. Sacavage, 617 Fed. Appx. 175, 177 (3d Cir. 2015) (referring to Heck as a "non-jurisdictional ground.") (unpublished decision); Brown v. Hill, 438 F. App'x 336 (5th Cir. 2011) (unpublished decision). In fairness to plaintiff, the court notes that some district courts in this circuit have reached the opposite conclusion. See, e.g., Quintana v. Gates, 2004 U.S. Dist.

---

[1] Defendants point out that, among his other claims, plaintiff may be attempting to challenge a disciplinary proceeding that affects his release date. ECF No. 13 at 3 n.3. They note, however, that this would not militate in favor of a complete remand insofar as not all of his claims appear to stem from or relate to one disciplinary proceeding. Id. at 3 n. 2. In any event, plaintiff has not argued this point in his motion to remand and it is far from clear from the face of the complaint.

LEXIS 14886, *15-18, 2004 WL 1661540 (C.D. Cal. July 20, 2004) (finding on summary judgment that Heck defense is not an affirmative defense, but "more closely resembles a jurisdictional barrier.").

Finally, as defendant correctly points out, a finding that Heck is jurisdictional would not necessarily militate in favor of a remand of plaintiff's claims. Some of his claims clearly implicate alleged federal violations that are not Heck-barred, i.e. his federal due process claims regarding the processing of his prison grievances, placement in the Special Housing Unit, access to the courts, and any claims stemming from violations of the ADA. Thus, there is a basis for federal jurisdiction even if plaintiff's Heck argument is meritorious. In the event the court ultimately determines that any of plaintiff's federal claims are Heck-barred, it may dismiss those claims without prejudice. A remand to state court would not circumvent Heck, because the state court would be obliged to do the same. See Yount v. City of Sacramento, 43 Cal. 4th 885, 893 (2008).

### III. Conclusion

Based on the foregoing, it is RECOMMENDED that plaintiff's motion to remand (ECF No. 12) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 7, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4