UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KRZYSZTOF F. WOLINSKI, | No. 2:17-cv-00583 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| J. LEWIS, et al., | |
| Defendants. | |

Defendants removed this action from the San Joaquin County Superior Court on March 17, 2017.[1] ECF No. 2. Attached to their notice of removal was a copy of plaintiff's complaint. Id. at 6. Plaintiff is a state prisoner and, pursuant to 28 U.S.C. § 1915A, defendants now request that the court screen his complaint and dismiss any claims that are frivolous, malicious, or which fail to state a cognizable claim. ECF No. 2 at 4. After reviewing plaintiff's complaint, the court concludes that it fails to comply with the federal rules of civil procedure. Plaintiff will be given leave to amend his complaint.

I. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a

---

[1] Plaintiff filed a motion to remand (ECF No. 12) and, on September 8, 2017, the court recommended that his motion be denied (ECF No. 14). The court's recommendations are currently pending before the district judge.

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. See, e.g., Morris v. Horel, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

1  Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
2  content that allows the court to draw the reasonable inference that the defendant is liable for the
3  misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint
4  under this standard, the court must accept as true the allegations of the complaint in question,
5  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
6  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
7  McKeithen, 395 U.S. 411, 421 (1969).

## II. Analysis

At the outset, the court notes that plaintiff's complaint, despite having been removed from state court, is now subject to the federal rules of civil procedure. See Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action once it is removed from state court."). Plaintiff's complaint runs to approximately two-hundred and thirty pages (ECF No. 2 at 6-237) and is largely comprised of various medical, disciplinary, and grievance records. He does not explain how most of these records are directly relevant to his claims. Instead, he categorizes them beneath general headings like "Continuous Deliberate Suppression of Exculpatory Evid., Exonerating Plaintiff from RVR 115." Id. at 12. The court is able to discern that plaintiff is challenging: (1) his confinement in the Special Housing Unit, on state and federal due process grounds (id. at 9); (2) denial of access to the prison grievance procedure, on state and federal due process grounds (id. at 10); and (3) at least one violation of the Americans with Disabilities Act (id. at 12, 227).

Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2) insofar as it does not provide a short and plain statement which gives fair notice of his claims to the defendants. The various documents attached to the complaint, while suitable to support or contextualize clearly stated claims, cannot act as a substitute for those claims. See Davis v. Carlton, 2013 U.S. Dist. LEXIS 174334, *18 n. 1, 2013 WL 6512903 (E.D. Cal. Dec. 12, 2013) ("The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim."). The overall length and lack of organizational clarity in the complaint also convince the court that amendment is necessary if this action is to proceed.

Additionally, plaintiff's complaint appears to state unrelated claims against multiple defendants. Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact. The court is unable to discern any common questions of law or fact between plaintiff's various claims. In the event that plaintiff names multiple defendants in his amended complaint, he should bring only related claims against them. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[u]nrelated claims against different defendants belong in different suits.").

III. Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." See 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George, 507 F.3d at 607. Nor, as explained above, may he bring unrelated claims against multiple defendants. Id.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

4

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

IV.     Summary of the Order for a Pro Se Litigant

Your complaint is being dismissed with leave to amend. The court has concluded that the current complaint does not give a short, plain statement of your claims. It also concludes that you've tried to bring multiple, unrelated claims against more than one defendant. You are being given an opportunity to amend your complaint. If you choose to do so, your complaint should comply with the requirements of this order. Most importantly, your complaint should explain in clear, short statements how your rights have been violated and how each of the named defendants was involved in those violations.

V.     Conclusion

The court notes that, although plaintiff's complaint is on the record as an attachment to the notice of removal (ECF No. 2), it has not actually been docketed as a free standing filing. In light of the foregoing, the court will not direct the clerk of court to do so. Instead, it is ORDERED that:

1.     Plaintiff must submit an amended complaint that complies with the requirements of this order within thirty days; and

2.     He is cautioned that failure to comply with this order may result in dismissal of this action for failure to prosecute.

DATED: September 8, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE