UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:17-cv-0583 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| J. LEWIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed two motions on November 30, 2017: (1) a motion for an extension of time to file his amended complaint and his response to defendants' motion to dismiss[1] (ECF No. 25), and (2) a motion for a court order directing Daniel Paramo,[2] the warden of the R.J. Donovan Correctional Facility in San Diego, California, to provide him with adequate access to its prison law library (ECF No. 26). The court here addresses both motions, as well as defendants' motion to dismiss filed November 15, 2017.

////

////

---

[1] The court liberally construes plaintiff's request for additional time to file an opposition to defendants' motion to dismiss plaintiff's complaint as a request for additional time to file an amended complaint. See ECF 25 at 2 (plaintiff requests extension of time to file "adequate opposition to defendant [sic] motion for dismissal under rule 41(b)").

[2] Warden Paramo is not a named defendant in this case.

(ECF No. 22).  The court also addresses plaintiff's opposition to defense counsel's October 6, 2017 declaration, in which plaintiff requests that the declaration be stricken from the record.  See ECF No. 23 at 4.

I.   Plaintiff's Extension of Time Request; Defendants' Motion to Dismiss

On November 30, 2017, plaintiff filed a request for an extension of time to file an amended complaint and a response to defendants' motion to dismiss (see generally ECF No. 25).  Defendants' motion to dismiss, filed on November 15, 2017 (ECF No. 22), was predicated on the fact that plaintiff had yet to file a first amended complaint pursuant to the court's September 11, 2017 order.  See id. at 2-4.  On November 30, 2017, however, plaintiff filed his first amended complaint.  See ECF No. 24.  The court grants, nunc pro tunc, plaintiff's request for an extension of time to file an amended complaint (see ECF No. 25).  Because the court accepts plaintiff's late amended complaint filing herein, defendants' motion to dismiss (ECF No. 22) will be denied as moot.

II.   Plaintiff's Request for Court Order Regarding Law Library Access

Plaintiff's request that the court order the warden at the R.J. Donovan facility to provide him with adequate access to the prison law library, ECF No. 26, is his second such request.  See ECF No. 19.  The previous request was denied.  See ECF No. 20.  In both motions, plaintiff alleges there is no law library at his facility, that the library to which he has access is not a law library, and that his access to that library has been severely restricted.  See ECF No. 19 at 1-2; see also ECF No. 26 at 1-2.

Plaintiff's September 2017 motion for adequate law library access was denied for lack of jurisdiction.  See ECF No. 20 (denying plaintiff's motion pursuant to Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985), due to lack of personal and subject matter jurisdiction).  The limits to this court's jurisdiction have not changed, nor have plaintiff's arguments.  Accordingly, plaintiff's second request for a court order regarding law library access (ECF No. 26) is also denied.[3]

---

[3] For the same reasons, to the extent that plaintiff's opposition to defense counsel's October 6, 2017 declaration also requests that Warden Paramo be ordered to provide access to the prison law

1  III.     Defense Counsel's Declaration; Plaintiff's Request That It Be Stricken

Finally, the court notes that at the time the court denied plaintiff's first request for a court order directing the warden to provide adequate access to the prison law library, the court directed defendants' counsel to conduct an inquiry in order to determine with more specificity plaintiff's level of access to prison law library resources. See ECF No. 20. On October 6, 2017, defense counsel filed a declaration addressing the issue. ECF No. 21. On November 22, 2017, plaintiff filed an opposition to defense counsel's declaration requesting, in part, that it be stricken from the record as a "forged" document. See ECF No. 23 at 3-4.

Defense counsel's declaration and plaintiff's opposition to the declaration both indicate that plaintiff's pass access to the prison law library has been significantly curtailed.[4] See ECF No. 23, Exh. 3 at 5. However, reduced access has been due, in part, to plaintiff's own medical and mental health needs. See ECF No. 21 at 3. Plaintiff does not deny this. See generally ECF No. 23. These circumstances, coupled with the facts that: (1) the prison law library has provided plaintiff with over 9,800 legal copies since April 2017 (see ECF No. 21, Exh. A; see also ECF No. 23, Exh. 3 at 5), and (2) throughout these proceedings, plaintiff has been able to file several cogent pleadings in both state and federal court on court forms that are replete with citations to case and statutory law (see generally ECF Nos. 2, 7, 10, 12, 23, 24), lead the court to believe that despite its unpredictability, plaintiff's access to the prison law library is generally adequate for his

---

library (see ECF No. 23 at 4), it is denied as well.

[4] Since April 2017, plaintiff has been scheduled for eighty-one two-hour sessions in the law library, over sixty-seven of which have been cancelled by higher priority passes. See ECF No. 23, Exh. 3 at 5. It appears that defense counsel's statement that only thirty-seven of plaintiff's eighty-one sessions have been cancelled is incorrect. Compare ECF No. 21 at 3, Exh. A, with ECF No. 23, Exh. 3 at 5.

Additionally, although defense counsel declares he "[was] informed that Plaintiff accessed the law library more than eleven hours during the month of September 2017, according to sign-in sheets reviewed by Mr. Powell" (ECF No. 21 at 3), a review of the same document provided by both parties indicates that several law library appointments scheduled for plaintiff in September 2017 were cancelled, and it is unclear whether prison officials or plaintiff initiated the cancellations. See ECF No. 21, Exh. A; see also ECF No. 23, Exh. 3 at 5 (written staff response by D. Powell stating, "9/4/17 was a state and court holiday. . . . You were scheduled for library [sic] on 9/8/17, 9/9/17 and 9/11/17 (2x), each of those were cancelled. The entitlement to physical law library access in 15 CCR 3123 is qualified by resource availability.").

3

needs at this time.[5] See Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985) (stating Constitution does not guarantee prisoner unlimited access to law library). At the same time, the erratic nature of plaintiff's access to the prison law library must inform the court's consideration of any future extension of time requests from plaintiff. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987) (court should assess meaningful access to law library prior to dismissing a complaint).

Plaintiff further requests that defense counsel's declaration be stricken from the record as a forgery. ECF No. 23 at 4. That request is denied. Plaintiff has provided no proof in support of this allegation. See generally ECF No. 23. Defense counsel simply gathered information from prison officials and relayed it to this court, as requested. See ECF No. 21 at 2 (counsel stating he gathered declaration information from R.J. Donovan facility's litigation coordinator and librarian). Moreover, counsel has signed the declaration under penalty of perjury (see ECF No. 21 at 4), and the court has no reason to believe that counsel has attempted to deceive the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file an amended complaint and to respond to defendants' motion to dismiss (ECF No. 25) is GRANTED nunc pro tunc;

2. Defendants' motion to dismiss (ECF No. 22) is DENIED as moot, and

3. Plaintiff's motion for a court order directing the warden of the R.J. Donovan facility to provide him with adequate access to the prison law library (ECF No. 26) is DENIED due to lack of jurisdiction.

DATED: December 12, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[5] These facts also demonstrate that plaintiff is, in fact, actually accessing the law library, contrary to his assertions. See generally ECF Nos. 23, 26.