UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>J. LEWIS, et al.,<br><br>　　　　　　　Defendants. | No. 2:17-cv-0583 MCE AC P<br><br><br>ORDER |

On January 10, 2018, defendants filed a motion for sanctions in this action. ECF No. 29. The motion alleges that plaintiff has made factual misrepresentations to the court and has engaged in activity designed to harass, cause unnecessary delay and needlessly increase the cost of litigation, all in violation of Federal Rule of Civil Procedure 11(b). See ECF No. 29-1 at 1-2. On May 23, 2018, plaintiff filed a motion for an order directing the warden to grant plaintiff access to the law library. ECF No. 31.

For the reasons stated herein, the court will deny plaintiff's motion to order access to the law library and order plaintiff to show cause why defendants' motion for sanctions should not be granted.

I.　　RELEVANT PROCEDURAL HISTORY

On December 21, 2016, plaintiff filed a complaint in San Joaquin Superior Court alleging violations of several of his state and federal rights by prison officials. See ECF No. 2 at 6-10. On

March 17, 2017, defendants removed plaintiff's complaint to federal court.  See id. at 1-4.  On August 3, 2017, plaintiff filed a motion to remand the complaint to state court, which defendants opposed.  See ECF Nos. 12, 13.  The undersigned's recommendation to deny plaintiff's motion to remand the complaint to state court[1] was eventually adopted in full by a district court judge on January 5, 2018.  See ECF Nos. 14, 28.

On September 11, 2017, the matter was screened, and because the complaint failed to provide a short, plain statement of plaintiff's claims, plaintiff was ordered to file an amended complaint within thirty days.[2]  See generally ECF No. 15.  At that time, plaintiff was also directed to consider whether each of the defendants named had actually participated in the alleged violations of his constitutional rights.  See id. at 5.

On September 21, 2017, plaintiff filed a motion for a court order to direct the warden of the R.J. Donovan Correctional Facility ("RJD") to provide him with adequate access to the prison law library.  See ECF No. 19.  The motion was denied on jurisdictional grounds on September 25, 2017.[3]  See ECF No. 20.  However, in the same order, the undersigned ordered defense counsel to file a short, written statement informing the court about plaintiff's access to law library resources.  See id.

On October 6, 2017, defense counsel filed the Declaration of Andrew Whisnand in Response to Court Order ("declaration") in compliance with the court's September 25, 2017 order.  See ECF No. 21.  On November 11, 2017, plaintiff filed an "opposition" to the declaration requesting in part that the declaration be stricken from the record as a forgery.  See ECF No. 23.

On January 10, 2018, defendants filed the instant motion for sanctions alleging in part that in plaintiff's opposition to defense counsel's declaration, plaintiff has made misrepresentations of fact and has submitted filings designed to harass, cause unnecessary delay and needlessly increase the cost of litigation in violation of Federal Rule of Civil Procedure 11(b).  See ECF No. 29-1 at

---

[1] The record indicates that plaintiff never filed objections to the court's recommendation that his motion to remand be denied.

[2] The amended complaint was eventually filed on November 30, 2017.  See ECF No. 24.

[3] The court found that the warden at RJD was not a party to plaintiff's complaint and stated that it could not attempt to determine the rights of persons not before it.  See ECF No. 20.

1-2, 5-8. To date, plaintiff has not responded to the motion. However, on May 3, 2018, plaintiff filed the instant motion requesting that the court order Warden Martel at the California Health Care Facility to grant him access to the prison law library. See ECF No. 31.

II. RELEVANT FACTS

    A. Motion for Sanctions

        1. Defense Counsel's Declaration

Defense counsel's October 2017 declaration regarding plaintiff's access to the prison law library was based upon defense counsel's consultation with the litigation coordinator at RJD and supporting documents and declarations. See generally ECF No. 21 at 2-3. In his declaration, counsel declared under penalty of perjury that he had been told that: (1) plaintiff has several medical and mental health ducats which have a higher priority level in the prison's management system database than law library ducats; (2) plaintiff's law library ducats were sometimes cancelled when they conflicted with his medical and mental health ducats; (3) between April 2017 and October 2017, plaintiff had been scheduled for eighty-one two-hour sessions at the law library, thirty-seven of which had been cancelled by higher priority ducats; and (4) during that same period, the law library had provided over 9,800 legal copies to plaintiff. See id. at 3-4.

In support of the declaration, counsel filed a section of RJD's Department Operations Manual Supplement related to law library access (see ECF No. 29-2 at 15-17). Counsel also provided a detailed account of the number of law libraries at RJD and their schedules. See ECF No. 29-2 at 9-10. Defense counsel also filed a copy of the CDCR Form 22 plaintiff had filed in which he had asked for access to the prison law library. See id. at 13. The form also memorialized plaintiff's scheduled and cancelled law library sessions. See id. In addition, a sworn declaration from D. Powell, formerly a librarian at RJD, was also supplied to support the declaration regarding plaintiff's access to the prison law library. See ECF No. 29-3.

        2    Plaintiff's Opposition to the Declaration

Plaintiff's opposition to defense counsel's declaration regarding the amount of access plaintiff had to the prison law library declared "under the laws of perjury" that: (1) the exhibit defense counsel had provided which stated that thirty-seven law library sessions had been

3

cancelled was a forgery; (2) there were "67 ses[s]ions cancel[l]ed," not "37 ses[s]ions," and (3) Librarian Powell who had filled out the form that documented the thirty-seven cancelled sessions had lied on the form which had ultimately led to him losing his job. See ECF No. 23 at 3-4 (brackets added). In addition, in a subsequent extension of time request filed with the court on November 30, 2017, plaintiff asserts that the Office of the Attorney General requested that plaintiff be denied access to the law library. See ECF No. 25 at 2.

In support of these claims, one of the documents plaintiff provided to the court was a CDCR Form 22 which mentioned the cancellation of sixty-seven of plaintiff's eighty-one law library sessions. See ECF No. 23 at 38. As a result, there are now two different versions before the court of the form that must be considered when determining whether defendants' motion for sanctions should be granted or denied. Compare ECF No. 21 at 6 (defendants' version), with ECF No. 23 at 38 (plaintiff's version). Other than this, plaintiff has provided no other evidence in support of his claims of forgery and malfeasance on the part of prison officials or on the part of defense counsel. See generally ECF Nos. 23, 25.

### 3. Court's Findings Regarding Plaintiff's Lack of Law Library Access

On December 12, 2017, after reviewing counsel's declaration and plaintiff's opposition, the court determined that despite the fact that plaintiff's access to the prison law library appeared to have been significantly curtailed, his access had been generally adequate for his needs at that time. See ECF No. 27 at 3-4. The court came to this conclusion after reviewing the conflicting documents that both parties had submitted regarding plaintiff's cancelled law library hours. See id. at 3 n.4. Thereafter, the court noted that plaintiff's curtailed access to the law library would inform its consideration of any future extension of time requests from plaintiff. See id. at 4.

### 4. Defendants' Motion for Sanctions

On January 10, 2017, defendants filed the instant motion for sanctions. See ECF No. 29. In it, defendants assert the following:

> On October 6, 2017, in response to a Court order, defense counsel submitted a declaration addressing plaintiff's claim that he was unable to access the law library. Plaintiff responded by: (1) falsely accusing counsel and a prison law librarian of lying to the Court and forging documents; (2) submitting a forged

4

> document of his own and trying to pass it off as authentic; (3) falsely claiming that the law librarian was terminated for misconduct; and (4) falsely accusing the Attorney General's Office of instruction his institution to deny him access to the law library.
>
> Plaintiff has run afoul of Federal Rule of Civil Procedure 11(b) by making factual misrepresentations to the Court, and by engaging in personal attacks that are designed to harass, cause unnecessary delay, and needlessly increase the cause of litigation. Defendants respectfully request that the Court assess [sic] admonish Plaintiff, assess monetary sanctions, and continue to apply progressive sanctions, up to and including terminating sanctions, if his conduct continues.

ECF No. 29-1 at 1-2 (brackets added) (internal citations omitted).

Prior to filing the instant motion for sanctions with the court, in compliance with Rule 11(c), defendants first presented it to plaintiff along with a safe harbor letter and gave him twenty-one days either to withdraw or to correct the misrepresentations in his opposition to defense counsel's declaration. See Fed. R. Civ. P. 11(c)(2); see also ECF No. 29-2 at 2. After plaintiff failed to respond to the letter, defendants filed the instant motion. See ECF No. 29-1 at 4-5.

### B. Plaintiff's Motion Directing Warden to Provide Access to Prison Law Library

Plaintiff's law library motion requests that Warden Martel at the California Health Care Facility be ordered to provide him with adequate access to the prison law library. See ECF No. 31 at 1. He claims in general terms that he is being provided neither adequate access to the law library nor adequate assistance from people trained in the law, and that this violates federal law. See id. at 1-2. Plaintiff contends that the warden's failure to provide him with access to the law library despite his status as a priority library user ("PLU") is retaliatory because plaintiff filed a complaint regarding his denial of access to it. See id. at 1-2.

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 11 enables a court to sanction parties for improper conduct. See Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). It applies to signed writings filed with the court and is applicable both to attorneys and to unrepresented parties. See Fed. R. Civ. P. 11(a)-(b); see also Fink 239 F.3d at 991. It "is intended to deter baseless filings in district

court and imposes duty of 'reasonable inquiry' so that anything filed with the court is 'well-grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of S. California v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 392 (1990)); see 51 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2 (3d ed.) (noting one purpose of Rule 11 is to "encourag[e] the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process.").

Rule 11 permits sanctions if a filing is being presented for an improper purpose (e.g., harassment, unnecessary delay, increasing litigation costs), is factually misleading, or is legally frivolous. See generally Fed. R. Civ. P. 11(b)(1)-(4); see also Truesdell v. S. California Permanente Med. Grp., 293 F.3d 1146, 1153 (9th Cir. 2002). However, before sanctions may be imposed upon a party, there must be "sufficient, advance notice of exactly which conduct was alleged to be sanctionable." Foster v. Wilson, 504 F. 3d 1046, 1052 (9th Cir. 2007) (quoting In re DeVille, 361 F.3d 539, 549 (9th Cir. 2004) (citation omitted)). Under Rule 11, the party must also be given an opportunity to respond if he or she is to avoid sanctions. See generally Fed. R. Civ. P. 11(c)(2).

A party may not file a motion for sanctions under Rule 11 unless he or she has strictly complied with its "safe harbor" provision. See Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005). The safe harbor provision requires that any motion for sanctions must be served on the offending party at least twenty-one days before the motion is filed with the court. See Fed. R. Civ. P. 11(c)(2). If the offending party either timely withdraws or appropriately corrects the challenged contention during the twenty-one-day period, the motion for sanctions may not be filed. See id. A responding party's failure to file either an opposition or a statement of no opposition to a motion may be deemed a waiver of any opposition to the granting of the motion. See E.D. Cal., L.R. 230(l) (2013); see also E.D. Cal., L.R. 110 (2009) (stating party's failure to comply with Local Rules may be grounds for imposition of any and all sanctions authorized by statute or Rule or within inherent power of court).

IV. ANALYSIS

    A. Defendants' Motion for Sanctions

        1. Motion is Properly Before the Court

A review of defendants' declaration indicates that they complied with Rule 11 when they sent plaintiff a letter informing him of their plan to file this motion and when they gave him twenty-one days to respond prior to filing the motion in this court. See generally ECF No. 29-2 at 2-3. Therefore, defendants' motion for sanctions is properly before this court. See Holgate, 425 F.3d at 678.

        2. Declarations Counter Plaintiff's Allegations of Forgery and Misconduct

Most of the statements in plaintiff's opposition with which defendants take issue are countered by documents and sworn declarations. For example, plaintiff's assertion that Librarian Powell was fired for his abuse of authority and power and for his continuous pattern of deprivation (see ECF No. 23 at 1-2) has been countered by Powell's own declaration that he was not fired from his position at the prison; he simply took a post at another organization (see ECF No. 29-3 at 2-3). In addition, plaintiff's claim that Powell had altered plaintiff's CDCR Form 22 to show that only thirty-seven of plaintiff's scheduled law library appointments had been cancelled, not sixty-seven (see ECF No. 23 at 3) was also countered by Powell's declaration. See ECF No. 29-3 (stating under penalty of perjury that he did not alter the number of law library sessions cancelled on the CDCR Form 22 form in question).

Additionally, plaintiff's allegation that the Office of the Attorney General contacted prison authorities and instructed them to deny plaintiff access to the law library is also countered by defense counsel's declaration which categorically denies this. See ECF No. 25 at 2 (plaintiff's allegation); see also ECF No. 29-2 at 2 (defense counsel denying such contact with prison officials and stating he has no authority to determine whether plaintiff may access the law library).

Finally, to bolster defendants' argument that sanctions against plaintiff are appropriate, Powell asserts in his declaration that plaintiff has a history of forging and/or altering documents at RJD. See ECF No. 29-3 at 3. Specifically, Powell states that he wrote plaintiff up last January

7

because plaintiff had submitted an altered court document in an attempt to get priority legal user status at the law library. See id. In addition, in a different state-court lawsuit in which Powell is one of the defendants, Powell contends that plaintiff submitted an altered copy of his PLU application. See id.

### 3. Current Facts Warrant Issuance of Order to Show Cause

Thus far, plaintiff's statements regarding defendants' alleged forgeries and misconduct have been directly contradicted by evidence that is both competent and credible. Moreover, plaintiff's claims of forgery and misdeeds by defendants are unsupported with documents, sworn statements or other evidence. Plaintiff has not responded to the instant motion for sanctions. As stated earlier, a party's failure to comply with Local Rules – here, plaintiff's failure to respond to the instant motion – may be grounds for the imposition of sanctions. See E.D. Cal., L.R. 110 (2009). Prior to issuing a ruling on defendants' motion for sanctions, however, plaintiff will be ordered to show cause why the motion should not be granted.

### B. Plaintiff's Motion For Access to the Prison Law Library

A review of plaintiff's May 3, 2018 motion to provide access to the prison law library indicates that it is virtually identical to the motion for access plaintiff filed on September 21, 2017 and the one he filed on November 30, 2017. Compare ECF No. 31, with ECF Nos. 19, 26. The court denied plaintiff's September 2017 and November 2017 motions on jurisdictional grounds. See ECF Nos. 20, 27 at 2. In the May 2018 motion, plaintiff alleges that there is no law library at his facility, that the library to which he has access is not a law library, and that access to that library has been severely restricted. See ECF No. 27 at 2.

This motion suffers from the same defect as the previous motions: the named warden (here, Warden Martel of the California Health Care Facility, is not a defendant in this matter. Consequently, the court does not have jurisdiction over him. See, e.g., Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); see also ECF No. 20 at 1; see also ECF No. 27 at 2. Moreover, because plaintiff's response to defendants'

motion for sanctions does not require legal research, there appears to be no need for plaintiff to access the law library in order to respond. Accordingly, plaintiff's third request for a court order regarding law library access (see ECF No. 31) will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an order directing Warden Martel to provide access to the prison law library (ECF No. 31) is DENIED; and

2. Within twenty-one days of the date of this order, plaintiff is ordered to show cause in writing why defendants' motion for sanctions (ECF No. 29) should not be granted.

Given that plaintiff was served with defendants' motion for sanctions in December 2017, and that neither legal research nor access to a law library are necessary for plaintiff to comply with this order, absent exigent circumstances, the court is not inclined to grant a request for an extension of time for him to do so. Plaintiff is warned that failure to file a timely response may result in dismissal of this action for failure to prosecute and/or failure to follow a court order.

DATED: September 19, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE