UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>  Plaintiff,<br><br>  v.<br><br>J. LEWIS, et al.,<br><br>  Defendants. | No. 2:17-cv-0583 MCE AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 10, 2018, defendants filed a motion for sanctions asserting that plaintiff had violated Federal Rule of Civil Procedure 11(b) by making factual misrepresentations to the court and by "engaging in personal attacks that [were] designed to harass, cause unnecessary delay, and needlessly increase the cost of litigation."[1] See ECF No. 29-1 at 2. Plaintiff never responded to the motion, and the time within which to do so has long since passed. See generally Local Rule 230(l). Consequently, this matter is deemed submitted. See id.

////

---

[1] The court notes for the record that prior to filing the instant motion for sanctions, defense counsel states that on or around December 15, 2017, he complied with Rule 11(c)'s safe harbor requirement by contacting plaintiff regarding his misrepresentations in several pleadings plaintiff filed in November 2017 and providing plaintiff with proposed versions of defendants' sanction motion. See ECF No. 29-2 at 2, 56-59; see also ECF No. 29-3.

1

On September 19, 2018, the court ordered plaintiff to show cause why defendants' motion should not be granted. ECF No. 32. To date, plaintiff has neither complied with the court's order nor responded to it in any other way. For these reasons, as well as those stated herein, the court will grant defendants' motion for sanctions.

I. APPLICABLE LAW

    A.    Motion for Sanctions: Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11(b) and (c) state, in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or other unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
>     **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>     . . . .
>
>     **(3)** the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
>     . . . .
>
> **(c) Sanctions.**
>     **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for a violation committed by its partner, associate or employee.
>
>     . . . .
>
>     **(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. <u>The sanction may include nonmonetary directives, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.</u>

Fed. R. Civ. P. 11(b)(1), (3) and (c)(1), (4) (underline added).

////

B. <u>Motions in Prisoner Actions: Local Rule 230</u>

Local Rule 230(l) identifies filing requirements for pro se prisoner litigants. It states in relevant part:

> All motions . . . filed in actions wherein one party is incarcerated and proceeding in propria persona shall be submitted upon the record without oral argument unless ordered by the Court. . . . Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. <u>A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.</u> The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

Local Rule 230(l) (underline added).

C. <u>General Rules of Pleading: Federal Rule of Civil Procedure 8</u>

Federal Rule of Civil Procedure 8 states in relevant part:

> **(b) Defenses; Admissions and Denials.**
>   **(1)** *In General.* In responding to a pleading, a party must:
>     **(A)** state in short and plain terms its defenses its defenses to each claim asserted against it, and
>     **(B)** admit or deny the allegations asserted against it by an opposing party.
>     . . . .
>
>   **(6)** *Effect of Failing to Deny.* <u>An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.</u>

Fed. R. Civ. P. 8(b)(1)(A)-(B), and (b)(6) (underline added).

D. <u>Sanctions for Noncompliance with Rules: Local Rule 110</u>

Local Rule 110 states in its entirety: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

////

////

II. DISCUSSION

   A. Motion for Sanctions

Defendants' motion for sanctions alleges that plaintiff has violated Federal Rule of Civil Procedure 11(b) by "making factual representations to the Court, and by engaging in personal attacks that are designed to harass, cause unnecessary delay, and needlessly increase the cost of litigation." ECF No. 29-1 at 2. They contend that plaintiff has violated Rule 11(b) by doing the following: (1) falsely claiming that defendant Powell, a prison librarian, was fired from his position for misconduct; (2) altering the Form 22 that had been provided to plaintiff by defendant Powell and defense counsel, and leading the court to rely on plaintiff's misrepresentations; (3) falsely claiming that the Office of the Attorney General interfered with plaintiff's access to the law library, and (4) falsely claiming that defendant Powell and defense counsel engaged in misconduct. See id. at 5-6. For these reasons, defendants contend, the court should find that plaintiff has violated Rule 11(b) and impose sanctions on him. See id. at 6-7.

Having taken into consideration plaintiff's in forma pauperis status as well as the due process requirement that sanctions imposed must relate to the misconduct that has occurred (see ECF No. 29-1 at 6-7), defendants request that the following sanctions be imposed on plaintiff: (1) monetary sanctions that are stayed until such time as plaintiff is able to pay them; (2) an admonishment directing plaintiff to refrain from making further misrepresentations to the court, and (3) progressive sanctions should plaintiff's violations continue, up to and including terminating sanctions. See id. at 7.

As stated earlier, plaintiff has not responded to defendants' January 2018 motion for sanctions (see ECF No. 29), nor has he complied with the court's subsequent September 2018 order to show cause why the motion should not be granted (see ECF No. 32). Plaintiff failed to comply with the court's order to show cause despite the fact that on October 22, 2018, the court granted plaintiff a sixty-day extension of time to do so.[2] See ECF No. 34 at 3.

---

[2] When the court's order to show cause was issued on September 19, 2018, plaintiff was given twenty-one days to respond. Instead of doing so, on October 12, 2018, plaintiff filed a "thirty to sixty-day" request for an extension of time to respond to defendants' motion for sanctions (see ECF No. 33), despite the fact that defendants' sanctions motion had been filed back in January of

B.    Analysis

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions, including where appropriate, default or dismissal." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (brackets in original) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). "[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1963)); see, e.g., Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (upholding dismissal where party engaged in deceptive practices that undermined the integrity of the proceedings). "Dismissal . . . is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Thompson, 782 F.2d at 831 (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). In keeping within these parameters, courts have dismissed an action with prejudice for failure to comply with a court order, for failure to prosecute, and for failure to comply with local rules. See, e.g., Malone v. United States Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); see also Henderson, 779 F.2d at 1424 (dismissal for failure to prosecute and for failure to comply with local rules).

1.    Violation of Local Rules 110 and 230(l)

Even without regard for the substantive allegations in defendants' motion for sanctions, both plaintiff's actions and his inaction to date could support a recommendation of dismissal. By failing to show cause why sanctions should not be imposed upon him, plaintiff has failed to comply with a court order. See L.R. 110; see, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming district court dismissal of pro se prisoner's civil rights action for failure to obey court order to file conforming complaint). The court also notes that when issuing the order

---

2018. This led to the court's denial of plaintiff's extension of time request to respond to defendants' motion for sanctions, and its sua sponte grant of an extension of time to plaintiff to respond to the order to show cause. See ECF No. 34 at 3.

to show cause, it warned plaintiff that his failure to file a timely response might result in the dismissal of this action for failure to prosecute and/or failure to follow a court order. See ECF No. 32 at 9.

In addition, plaintiff's failure to respond to defendants' motion for sanctions violates Local Rule 230(l) and also subjects him to sanctions under that rules as well as under Local Rule 110. Moreover, plaintiff's failure to respond to the motion for sanctions constitutes an admission of defendants' allegations. See Fed. R. Civ. P. 8; see generally L.R. 230(l) (stating failure to respond to motion may be deemed waiver of opposition to grant of motion). Accordingly, the court construes plaintiff's violations of Local Rules 110 and 230(l) as an admission that he made the alleged misrepresentations to the court and delayed proceedings.

### 2. Violation of Federal Rules of Civil Procedure 11(b)(1) and (b)(3)

The court finds that plaintiff's consistent failure to adhere to court rules, his intentional filing of altered paperwork with the court, and his filing of false allegations regarding defendant Powell and the Office of the Attorney General, were designed to harass and to cause unnecessary delay, and that these actions have needlessly increased the costs of litigation in this matter. Plaintiff's claims regarding defendant Powell and the Office of the Attorney General, as well as the Form 22 that plaintiff submitted in an attempt to document his lack of prison law library access (see ECF No. 23 at 38), are unsubstantiated and lack evidentiary support. Making representations to the court that harass, cause unnecessary delay, or that needlessly increase the cost of litigation, or that lack evidentiary support, are also grounds for the imposition of sanctions. See Fed. R. Civ. P. 11(b)(1), (3) and (c)(1), (4). Because plaintiff's actions have violated Federal Rules of Civil Procedure 11(b)(1) and (b)(3), the imposition of sanctions against plaintiff is also appropriate pursuant to Federal Rule of Civil Procedure 11(c)(1), (4) and Local Rule 110.

////

////

////

////

### 3. Sanctions Are Appropriate

As defendants point out, the actions that give rise to their motion for sanctions are not related to the substantive claims in plaintiff's civil rights action.[3]  See ECF No. 29-1 at 7.  More importantly, prior to implementing terminating sanctions, less severe sanctions must first be considered.  See generally Thompson, 782 F.2d at 831 (requiring weighing of several factors, including less drastic sanctions, prior to imposing remedy of dismissal).  Accordingly, the court will not recommend the ultimate sanction of dismissal at this point.  Instead, the initial sanctions to be imposed shall serve as a second formal warning to plaintiff.  This second warning will be taken into consideration if, at a later date, the court must determine whether additional and more severe sanctions are necessary.  See generally Anheuser-Busch, Inc., 69 F.3d at 352 (finding rejection of lesser sanctions appropriate where court anticipates continued deceptive misconduct).

### 4. Sanctions to Be Imposed

The court will impose the following sanctions:  (1) an admonishment regarding plaintiff's deceptive and harassing actions to date; (2) an order that plaintiff shall cease said actions for the remainder of these proceedings; (3) a warning that similar actions taken by plaintiff in the future may result in an outright dismissal of this action; (4) a warning that plaintiff is required to follow all rules and laws throughout these proceedings; and (5) the imposition of a suitable monetary assessment on plaintiff that takes into consideration the time defense counsel spent preparing the motion for sanctions.

Payment of the monetary sanction shall be stayed until such time as plaintiff is able to pay it. The court shall make the determination of the amount to be paid and when plaintiff shall begin to pay it under separate order.  Prior to the court determining the amount of the monetary sanction, counsel for defendants will be ordered to provide, via sworn declaration, a detailed accounting statement of the time expended and the costs the Office of the Attorney General incurred to prepare the motion for sanctions (ECF No. 29, et seq.).  Counsel shall also present to

---

[3] In plaintiff's amended complaint, he alleges that he experienced cruel and unusual punishment at the hands of prison authorities due to a beating and unsafe prison conditions and that he was denied a 602 appeal.  See generally ECF 24 at 9.  Plaintiff also alleges that prison authorities demonstrated deliberate indifference to his serious medical needs.  See id.

the court the factors it proposes for determination that plaintiff is able to pay the assessed sanction amount.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' January 10, 2018 motion for sanctions (ECF No. 29) is GRANTED;

2. Within thirty days of the date of this order, counsel for defendants shall provide, via sworn declaration, a detailed accounting statement of the time expended and the costs the Office of the Attorney General incurred to prepare the motion for sanctions (ECF No. 29, et seq.). Thereafter the court shall impose suitable monetary sanctions upon plaintiff that take defense counsel's statements into consideration;

3. The court formally admonishes plaintiff that the conduct identified by defendants has been found deceptive and harassing;

4. Plaintiff shall cease these actions throughout the remainder of these proceedings; and

5. Plaintiff is warned that:

(a) Similar actions taken by plaintiff in the future may result in a recommendation that his lawsuit be dismissed; and

(b) Plaintiff is required to follow all state and federal rules and laws throughout these proceedings.

DATED: January 14, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE