UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>J. LEWIS, et al.,<br><br>    Defendants. | No. 2:17-cv-0583 MCE AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 15, 2019, the court granted defendants' motion for sanctions. ECF No. 36. On February 8, 2019, pursuant to the court's order, counsel for defendants filed a declaration and an accounting of costs the Office of the Attorney General had incurred to prepare defendants' motion for sanctions. ECF No. 37. On March 6, 2019, plaintiff filed a motion to amend or alter the order granting sanctions.[1] ECF No. 38. For the reasons stated below, the court will deny

////

---

[1] Plaintiff's motion to amend was filed pursuant to Federal Rule of Civil Procedure 59(e). See ECF No. 38 at 1. However, this rule relates to the reconsideration of final judgments issued, not general orders. See Fed. R. Civ. P. 59(e). Therefore, the court considers plaintiff's motion to amend a motion for reconsideration pursuant to Local Rule 230(j).

1

1 | plaintiff's motion. It will also order that plaintiff be sanctioned in the amount of $1000.00.

2 | I.      RELEVANT FACTS

        A.      <u>Imposition of Sanctions</u>

On January 15, 2019, the court found that plaintiff's "consistent failure to adhere to court rules, his intentional filing of altered paperwork with the court, and his filing of false allegations regarding defendant Powell and the Office of the Attorney General, were designed to harass and to cause unnecessary delay," and that plaintiff's actions had "needlessly increased the costs of litigation in this matter." ECF No. 36 at 6. Statements plaintiff had made to the court regarding defendant Powell and the Office of the Attorney General, as well as those regarding his attempts to access the prison law library, were determined to be unsubstantiated and lacking in evidentiary support. <u>See</u> <u>id.</u>

Given these findings, the court determined that plaintiff had violated Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3). <u>See</u> ECF No. 36 at 6. As a result, sanctions were determined to be appropriate under Federal Rule of Civil Procedure 11(c)(1), 11(c)(4), and Local Rule 110. <u>See</u> <u>id.</u>

        B.      <u>Defense Counsel's Accounting Statement</u>

The accounting statement submitted by defense counsel declared that to prepare the motion for sanctions, he and his supervisor billed approximately $4,420.00. <u>See</u> ECF No. 37 at 2. This, counsel contended, was a conservative estimate. <u>See</u> <u>id.</u> Counsel proposed that plaintiff be directed to pay the sanctions amount over time through his trust account, using the same guidelines inmates use to pay their filing fees under 28 U.S.C. § 1915(b)(2). <u>See</u> <u>id.</u> at 3.

        C.      <u>Plaintiff's Motion for Reconsideration</u>

Plaintiff's "motion to amend or alter judgment," filed March 6, 2019, which the court construes as a motion for reconsideration, asserts that sanctions order should be reconsidered because plaintiff was hospitalized in March 2019. <u>See</u> ECF No. 38 at 2. As a result, his access to the law library and his ability to make copies and access writing supplies were restricted, and he was unable to properly and timely address the court's January 2019 order granting defendants'

////

motion for sanctions. See id. at 2. Plaintiff's motion offers no substantive reasons why the sanctions order was improper. See generally id.

II. DISCUSSION

　　A. Plaintiff's Motion for Reconsideration

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). Reconsideration is not to be used, however, to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

Plaintiff's motion provides no substantive arguments in support of reconsideration. See generally ECF No. 38. Plaintiff identifies no new or different material facts, and claims no legal error. Instead, the motion provides excuses for plaintiff's failure to respond to the court's January 2019 order, and it relies for that purpose on documents that significantly predate that order. See id. at 3-7. Accordingly, the motion will be denied.

　　B. Amount of Sanctions

The court accepts defense counsel's accounting of its costs as both accurate and reasonable. Nonetheless, in light of plaintiff's status as a pro se prisoner, the court finds that sanctions in the amount of $1,000.00 are sufficient to serve the interests of deterrence. See Fed. R. Civ. P. 11(b)(4) (stating sanctions must be limited to what suffices to deter repetition of

3

conduct). If defendants require a particular form of order to facilitate incremental collection of these sanctions from plaintiff's prison trust account, they may submit a proposed order within 14 days.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "motion to amend or alter judgment," ECF No. 38, is DENIED;

2. Pursuant to ECF No. 36, plaintiff shall pay to defendants $1,000.00 in fees as sanctions; and

3. Within fourteen days of the date of this order, counsel for defendants may file a proposed order with the court that directs the manner in which the appropriate entity shall collect the sanctions amount from plaintiff's prisoner trust fund account.

DATED: August 1, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE