UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:17-cv-0583 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| J. LEWIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 15, 2019, plaintiff filed a motion to compel the production of documents, which the court denied as premature in light of the fact that a discovery order had yet to issue. ECF Nos. 45, 48. On November 4, 2019, plaintiff filed objections to the court's denial of his motion to compel along with a motion for discovery. ECF Nos. 49, 50. For the reasons stated below, the court will deny plaintiff's motion for discovery. The court also formally warns plaintiff a final time to cease his filing of repetitive and/or unnecessary documents.

I. PLAINTIFF'S MOTION FOR DISCOVERY

The instant motion for discovery is effectively a second motion filed in less than three weeks requesting that discovery begin in this matter. For the reasons stated below, the court finds

1

that like plaintiff's earlier filed motion to compel the production of documents, this motion is also premature and must be denied. The court further finds that plaintiff's filing of the instant motion is repetitive and harassing.

The status of this case is no different than it was three weeks ago when plaintiff filed the October 15, 2019 motion to compel. Specifically, plaintiff's first amended complaint has yet to be screened, and a discovery and scheduling order has yet to be issued by the court. Therefore, like plaintiff's motion to compel, the instant motion for discovery is premature. For this reason, as well as the fact that the motion is substantively duplicative, it will be denied.

## II. PLAINTIFF'S INTENT TO ACCELERATE THE PROCEEDINGS

It appears that at the core of plaintiff's recent discovery-related motions is his attempt to accelerate these proceedings. This is understandable to some degree, given that this matter has been on the court's docket since March of 2017, and is still at the screening stage. However, the protracted litigation of this case is largely the result of plaintiff's practice of excessive filing and his brazen history of deception.

Since the commencement of this action, plaintiff has actively perjured himself and deceived the court by filing false documents and making false claims, and he has been sanctioned for such antics. See ECF Nos. 29, 36, 40 (court finding plaintiff violated Rule 11(b)(1),(3) and granting defendants' motion for sanctions in the amount of $1,000.00). Plaintiff's filing of repetitive motions, his filing of objections where none are warranted by the rules, his making of false statements to the court about his access to his prison law library, his failure to timely file his first amended complaint, his consistent failure to meet other court-mandated deadlines, and his multiple requests for extensions of time, have severely impacted the proceedings in this matter. See generally ECF No. 1-50. The need for judicial response to plaintiff's filings and misconduct have wasted resources and impeded the court's ability to timely address the substance of the case. In short, plaintiff's own litigation behavior is the greatest cause of the delay about which he complains.

////

////

If plaintiff would like these proceedings to move at a faster pace, he should stop filing repetitive, untimely, unwarranted and untruthful motions in this court.[1]

III. COURT'S FINAL ADMONISHMENT

On January 15, 2019, this court formally warned plaintiff that deceptive and harassing actions similar to the ones he had used when falsely accusing defendants and defense counsel of denying him access to the prison law library could result in a recommendation that this lawsuit be dismissed. See ECF No. 36 at 8. The instant motion for discovery is effectively the second premature motion like it filed by plaintiff in less than three weeks. In addition, because plaintiff has filed "objections" to the undersigned's October 21, 2019 denial of plaintiff's motion to compel, which the court construes as a motion for reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A), the issue of whether his first discovery motion was premature is currently under review by the District Court Judge assigned to this action. For these reasons, the court finds that plaintiff's simultaneous filing of the instant, duplicative motion to commence discovery along with his objections / motion for reconsideration is repetitive and harassing and that it violates the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11(b)(1)-(2) (stating party presenting motion or other paper to court certifies that it is not being presented for any improper purpose such as to harass and that claims are warranted by existing law). Consequently, the court warns plaintiff a second time that such harassment of the court and of defendants via the filing of what are clearly unwarranted duplicate motions will not be tolerated. **This is his final warning**. Similar actions in the future may result in the imposition of additional sanctions including, but not limited to, a recommendation that this action be dismissed with prejudice.

////

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2019 Annual Report, "Workload Statistics," p. 35 (2019) ("Our weighted caseload still exceeds the national average . . . ranking us eighth in the nation and second in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2019 Biennial Judgeship Survey recommended preliminary request for five additional permanent judgeships for Eastern District of California). "[T]his court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for discovery, filed November 4, 2019 (ECF No. 49), is DENIED as premature and duplicative.

Any other motions filed by plaintiff that seeks to begin the discovery process prior to the issuance of the court's discovery and scheduling order will not be considered, and may subject plaintiff to sanctions, including, but not limited to, the recommendation that this action be dismissed with prejudice.

DATED: November 13, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE