1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KRZYSZTOF F. WOLINSKI,                    No.  2:17-cv-0583 MCE AC P

12                    Plaintiff,

13          v.                                  ORDER

14    J. LEWIS, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983.  The

18    action was removed from state court and thereafter was referred to a United States Magistrate

19    Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          Plaintiff's First Amended Complaint ("FAC"), ECF No. 24, is before the court for

21    screening.

22    I.      SCREENING REQUIREMENT

23          The court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

28          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

                                                  1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

2  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

6  Cir. 1989); Franklin, 745 F.2d at 1227.

7          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

8  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

9  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

10  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

11  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

12  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

13  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

14  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

15  McKeithen, 395 U.S. 411, 421 (1969).

16      II.      FIRST AMENDED COMPLAINT

17          Plaintiff, an inmate housed at California Health Care Facility ("CHCF"), names as

18  defendants J. Lewis, J. Porras, D. Brown, R. Ward, M. Gomez, R. Singh, J. Cheeseman, D.

19  Celaya, B. Barrett, A. Lopez, Constancio, W. Golsch, R. Longshore, and J. Penaflorida.  ECF No.

20  24 at 2-4.  The FAC does not identify discrete causes of action, but consists of an omnibus factual

21  narrative followed by a single run-on sentence identifying plaintiff's legal claims as "malicious

22  battery assault, beating," denial of rights to 602 appeals process, indifference to medical needs,

23  and unsafe conditions.  ECF No. 24 at 4-8 (facts), 9, ¶ 22 (legal claims).  The complaint

24  elsewhere refers to retaliation for complaints.  The factual narrative involves several incidents

25  without providing dates or explaining how the evens are related.

26          The FAC alleges as follows.  Plaintiff is an "ADA patient with mobility impairment."  Id.

27  at 6.  He was sadistically assaulted twice within several minutes and without penological

28  justification.  See id. at 4-5.  He was denied his special diet breakfast after being denied his

2

1   medication because he had filed a verbal complaint with a "supervising psych tech" who had

2   ignored the entire situation that had led to the denials of his basic human needs.  See id. at 5.

3        Plaintiff was assaulted by unspecified persons on an unspecified date while restrained and

4   on the ground.  See ECF No. 24 at 5-6.  The assault left him with great bodily injury and severe

5   internal bleeding, and he has been crippled for life.  See id. at 5-6.  On an unspecified date three

6   "P.T.'s"[1] threw plaintiff out of his chair and assaulted him for no justifiable reason.  See id. at 6.

7   It is unclear whether these assaults are two separate incidents.  It is also unclear which defendants

8   were involved.

9        The FAC continues in a rambling fashion, broadly alleging improper application of prison

10  rules and procedures, improper reporting of incidents, forged reports, indifference, a cover up,

11  theft of health care appliances, retaliation for reporting staff conduct and the like.  See generally

12  ECF No. 24 at 6-8.  Plaintiff claims that this case "would never endde in the Court if NOT for

13  malicious OUTRAGEOUS and Deliberate Denial of rights by J.Lewis, and "C.D.W." J.Porras

14  who was in charge and has Authority to Correct al wrongs but choose to Ignored these Ongoing

15  Abuse of Authority & Power."  See id. at 8 (errors in original).

16      III.    DISCUSSION

17       A complaint must contain "a short and plain statement of the claim showing that the

18  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

19  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

20  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

21  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

22  matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  Facial

23  plausibility demands more than the mere possibility that a defendant committed misconduct and,

24  while factual allegations are accepted as true, legal conclusions are not.  Id. at 677-78.

25       Here, plaintiff has not provided sufficient factual matter to permit evaluation whether the

26  incidents at issue support any claim(s) for relief under § 1983 against any particular defendant.

27

28  [1]  Given the other allegations, the court presumes that "P.T." means "psych tech."  If this is not
    the case, plaintiff is to state as much in his amended complaint.

1  Accordingly, the FAC is not suitable for service.  Plaintiff will be provided an opportunity to

2  amend.

3      IV. LEAVE TO AMEND

4          If plaintiff chooses to file an amended complaint, it will take the place of the instant

5  complaint.  See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended

6  complaint supersedes original complaint).  Any amended complaint must be written or typed so

7  that it is complete in itself without reference to any earlier filed complaint.  See E.D. Cal. L.R.

8  220.  This is because an amended complaint supersedes any earlier filed complaint, and once an

9  amended complaint is filed, the earlier filed complaint no longer serves any function in the case.

10  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the

11  original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey

12  v. Maricopa Cty., 693 F.3d 896 (2012).

13          Plaintiff is provided the following information to assist him in amending the complaint.

14      A. Pleading Generally

15          Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain

16  statement" showing that plaintiff is entitled to relief—that is, who harmed the plaintiff, and in

17  what way. Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and

18  directly. Fed. R. Civ. P. 8(d)(1).  That means clearly explaining who did what, when, and how

19  each defendant's actions caused plaintiff harm.  Plaintiff may bring claims against multiple

20  defendants only if the claims (1) arise out of the same transaction or occurrence or series of

21  transactions or occurrences, and (2) there are common questions of law or fact.  Fed. R. Civ. P.

22  20(a)(2)(A)-(B); see Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

23          Under Section 1983, a plaintiff must demonstrate how each defendant personally

24  participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

25  2002).  There must be an actual connection or link between the actions of the defendants and the

26  deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of

27  Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

28  1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676.  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Iqbal, 556 U.S. at 676.

B. Pleading Specific Constitutional Violations

To state a claim for excessive force in violation of the Eighth Amendment, an inmate must allege specific facts showing that force was applied "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  It is not enough for plaintiff to describe the incident in those terms; he must explain plainly what happened, including facts that demonstrate malice and intent to cause harm.

To state a claim for unsafe conditions in violation of the Eighth Amendment, plaintiff must state facts demonstrating that specific defendants were aware of an excessive risk to plaintiff's safety, and deliberately ignored it.  Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994).

To state an Eighth Amendment claim related to medical needs, plaintiff must allege facts showing that he suffered from a serious medical need, and that specific defendant(s) were aware of a significant risk to his health or safety and responded (or failed to respond) in specific ways reflecting deliberate indifference to plaintiff's health and safety.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

To state a claim for retaliation in violation of his First Amendment rights, plaintiff must state facts establishing that (1) a particular defendant took adverse action against plaintiff (2) because of (3) conduct of plaintiff's that was protected by the First Amendment, and that the adverse action (4) chilled plaintiff's exercise of his rights and (5) did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The mishandling of inmate appeals does not violate the Constitution, because inmates are not entitled to a specific grievance procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  The filing of false reports and the

5

1   fabrication of evidence do not themselves violate the Constitution.  See Sprouse v. Babcock, 870

2   F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan

3   v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).

4        V.   MOTION FOR CLARIFICATION

5            Plaintiff has filed a motion for clarification, ECF No. 62, seeking information about the

6   district judge assigned to this case and the about this court's Alternative Dispute Resolution

7   program for prisoner cases.  Plaintiff is informed that U.S. District Judge Morrison C. England is

8   assigned to this case.  Plaintiff is further informed that the ADR program is available only where

9   defendants have been served and have appeared in a case.  That happens *after* a complaint has

10  been screened and found to state at least one viable claim for relief.  There is no right to

11  participation in the ADR process; defendants may opt out.  Because your complaint has not been

12  served and no defendants have appeared, this case will not be referred to ADR at this time.  If you

13  choose to amend and your Second Amended Complaint is found on screening to state a claim for

14  relief, your case *may* be referred to ADR after service and appearance of a defendant.

15           The motion for clarification is granted to the extent that this information has been

16  provided, and is otherwise denied.

17       VI. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

18           Your First Amended Complaint has been screened.   The court finds that it does not state a

19  claim for relief, so it will not be served.  You may amend the complaint to clarify exactly what

20  happened to you, when it happened, and which defendant did what.  Without that information the

21  court cannot tell whether the events you are complaining about support legal claims for relief.

22  Information about the necessary information has been provided above.  If you choose to amend

23  your complaint, the second amended complaint must include all of the claims you want to make

24  because the court will not look at the claims or information in the original complaint.  **Any claims**

25  **not in the Second Amended Complaint will not be considered.**

26           Your case will not be considered for or ADR unless a Second Amended Complaint is

27  screened, found to state a claim, served on defendant(s), and at least one defendant appears.

28  ////

                                    6

1

CONCLUSION

2       Accordingly, IT IS HEREBY ORDERED that:

3       1.  Plaintiff's First Amended Complaint, ECF No. 24, has been screened and found not to

4   state a claim for relief.

5       2.  Within thirty days from the date of service of this order, plaintiff may file an amended

6   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

7   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

8   number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file

9   an original and two copies of the amended complaint.  Failure to file an amended complaint in

10  accordance with this order will result in a recommendation that this action be dismissed.

11      3.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

12  form used in this district.

13      4.  Plaintiff's motion for clarification, ECF No. 62, is GRANTED to the extent that

14  responsive information has been provided herein, and is otherwise DENIED.

15  DATED: April 12, 2021

16

17                          ALLISON CLAIRE
                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28