UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:17-cv-0583 MCE AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. LEWIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983. The case removed to federal court by defendants. ECF No. 2. It has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's second amended complaint ("SAC"). For the reasons stated below, this action should proceed on Claims One and Two against specified defendants only. The undersigned will recommend that other named defendants be dismissed.

I.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
2    Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
3    1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably
4    meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at
5    327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
6    arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);
7    Franklin, 745 F.2d at 1227.
8         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
9    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
10   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
11   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
12   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
13   this standard, the court must accept as true the allegations of the complaint in question, Hosp.
14   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
15   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
16   McKeithen, 395 U.S. 411, 421 (1969).

17         II.    SECOND AMENDED COMPLAINT
18        The SAC names fourteen individual defendants, all of whom were employed at California
19   Health Care Facility ("CHCF") during the period in question.  See ECF No. 69 at 1-3, 8-11.  The
20   factual allegations, however, link only six of those individual defendants to the alleged violations
21   of plaintiff's rights.  The SAC presents two claims, both of which are suitable to proceed on the
22   following bases as to the individuals identified below.
23         A. Claim One
24           1. Allegations
25        In Claim One, plaintiff alleges that on or around July 12, 2016, defendant P.T.W. Golsh, a
26   psychiatric technician at CHCF, violated his First Amendment and Eighth Amendment rights.
27   ECF No. 69 at 4, 12-13.  Plaintiff alleges that after he had filed a grievance against Golsh for
28   sleeping on the job – which led to plaintiff being denied shower and computer / law library access

– Golsh retaliated by denying plaintiff food and his special diet prescription, as well as his medications. Id. at 4, 12.

Plaintiff further alleges that in response to defendant Golsh's actions, he covered his cell windows as a form of "peaceful protest." ECF No. 69 at 4, 12. This led to defendants Golsh, Penaflorida, and Longshore entering plaintiff's cell and assaulting him, despite the fact that he was already on the floor and in restraints. Id. at 12-13. Plaintiff's front tooth was broken; he suffered internal bleeding and PTSD; he had to have multiple "emergency repairs," and he had to have his spleen removed. Id. at 4, 13.

### 2. Discussion

#### a. Plaintiff Has Presented a Cognizable First Amendment Claim

"It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law'." Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 566; Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir. 1995)).

The allegations that defendant Golsh denied plaintiff food, prescribed special meals, and medications because plaintiff had filed a grievance against him states a viable First Amendment retaliation claim. Defendant Golsh will be ordered to respond.

#### b. Plaintiff Has Presented a Cognizable Eighth Amendment Claim

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)).

Plaintiff's allegations of an assault leading to spleen removal, internal bleeding and a

broken tooth are sufficient to support and Eighth Amendment excessive force claim against Golsh, Penaflorida, and Longshore. They will be ordered to respond.

### B. Claim Two

#### 1. Allegations

In Claim Two, plaintiff alleges that while he was being beaten by Golsh, Penaflorida, and Longshore, defendants Lieutenant R. Ward and Sergeants Singh and M. Gomez failed to intervene and protect him. ECF No. 69 at 5, 15-16. Instead, these defendants "just [stood] outside [my] room watching and doing nothing . . . until [I] pass[ed] out from lack of air and kicking of [my] head." Id. at 5 (brackets added). Plaintiff again points out that because he was in hand and leg restraints and was pinned to the floor, there was no reason for defendants to beat him in this way. Id.

#### 2. Discussion

Police officers have a duty to intervene when fellow officers violate the constitutional rights of a suspect or other citizen. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (citation omitted). At the same time, however, they may only be held liable for failure to intervene if they had an opportunity to do so. See id. at 1289-90 (citing Bruner v. Dunaway, 684 F.2d 422, 426-27 (6th Cir. 1982) (holding officers who were not present at time of alleged assault could not be held liable in a Section 1983 action)). The failure to intervene violates a prisoner's Eighth Amendment rights. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Claim Two adequately alleges facts showing that defendants Ward, Singh, and Gomez witnessed the beating, had an opportunity to intervene and stop their co-workers' assault on plaintiff, and failed to do so. These facts state a viable Eighth Amendment failure to protect claim against Ward, Singh, and Gomez. They will therefore be ordered to respond.

### III. REMAINING DEFENDANTS

In addition to the defendants against whom plaintiff has stated a claim for the reasons already explained, numerous other individuals are identified as defendants. See ECF No. 69 at 1-3. There are no facts alleged in Claims One and Two to suggest that any of these individuals caused the alleged constitutional violations or were involved in any way in the events described in

Claim One and Claim Two. Accordingly, plaintiff has not stated any claim for relief against the following defendants: J. Lewis; J. Porras; D. Brown; J. Cheeseman; D. Celaya; B. Barrett; Constacio; and A. Lopez.

Plaintiff has twice amended the complaint. See ECF Nos. 24, 69 (amended complaints). He has been specifically told what he needed to do in order to state viable claims against the named defendants. ECF No. 64 at 3-6 (order screening first amended complaint). Despite this fact, plaintiff has failed to present cognizable claims against the majority of the named defendants. Accordingly, the undersigned finds that providing plaintiff with a third opportunity to amend the complaint would be futile and would not serve the interests of justice. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). It will therefore be recommended that all defendants against whom plaintiff has not stated viable claims be dismissed and that the case proceed as screened above.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the second amended complaint (ECF No. 69) has been screened, and the viable claims have been identified.

2. The second amended complaint states cognizable claims of violations of First and/or Eighth Amendment rights against the following defendants, all of whom were employees at California Health Care Facility during the relevant period:

- W. Golsh, a psychiatric technician;
- J. Penaflorida, a psychiatric technician;
- R. Longshore, a psychiatric technician;
- R. Ward, a correctional lieutenant;
- R. Singh, a correctional sergeant, and
- M. Gomez, a correctional sergeant / supervisor.

3. Defendants will be required to reply to the second amended complaint. 42 U.S.C. § 1997e(g)(2).

By separate order, after the District Judge assigned to this matter rules on the findings and recommendations herein, the court shall direct these defendants to file a response to the second amended complaint.

IT IS FURTHER RECOMMENDED that the following individuals named as defendants in this action be DISMISSED for failure to state claims upon which relief may granted:  J. Lewis; J. Porras; D. Brown; J. Cheeseman; D. Celaya; B. Barrett; Constacio, and A. Lopez.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 18, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE