UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:17-cv-0583 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| J. LEWIS, et al., | |
| Defendants. | |

Plaintiff has filed a motion for an extension of time to file objections to the August 21, 2023, findings and recommendations. ECF No. 76. In the motion, plaintiff also asks the court to order California Health Care Facility Warden Gena Jones or Librarian S. Koubong to provide reasonable accommodations and ten hours per week of access to "ADA, Computer with Microsoft Word Processor." Id. at 1-2. For the reasons stated below, both requests will be denied.

In support of plaintiff's requests, he appears to state that he has a disability as defined under the Americans with Disabilities Act, Title II, Section 504. ECF No. 76 at 2. Plaintiff contends that he accordingly needs more time to draft court papers and access the prison's ADA

///

///

///

1

computer in the prison law library. Plaintiff seeks additional time to file his objections and do the "required research" so he can "cure his deficiencies" in the complaint.[1] Id. at 2.

In the pending findings and recommendations, the court found that both of plaintiff's claims are suitable to proceed against six defendants. ECF No. 75 at 2-4. The court also found that those claims do not lie against eight additional named defendants, and it has been recommended that those individuals be dismissed. Id. at 5-6. Finally, the court found that because plaintiff had been given two opportunities to amend and had been given clear instruction on how to do so each time, providing plaintiff with a third opportunity to amend the complaint was futile and would not serve the interests of justice. Id. at 5.

The only possible objections that plaintiff could make are to the recommendation that certain defendants be dismissed and to the finding that a third opportunity to amend would be pointless. Drafting objections to these findings and recommendations does not require legal research. This case has been on the court's docket since 2017 when defendants removed it from state court. ECF Nos. 1, 2 (March 2017 docketing of initial complaint, removal notice). Six and a half years, a lengthy challenge to removal,[2] two amended complaints,[3] and one grant of sanctions against plaintiff later,[4] two viable claims have been culled from plaintiff's original 230-plus page complaint.[5] Enough is enough. Additional delay without good cause is inappropriate here.

///

---

[1] Plaintiff also alleges several rules violation reports have been filed against him because he filed a grievance related to this matter. See ECF No. 76 at 2. Plaintiff has no constitutional right to be free from having false rules violation reports filed against him. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Furthermore, any marginally alleged violation of First Amendment right made in the instant motion is pure conjecture and is wholly unsupported. See generally ECF No. 76. In any event, the allegations have nothing to do with whether a grant of an extension of time to file objections should be granted. Accordingly, the court does not consider these claims in this order.
[2] See ECF Nos. 7, 14, 28 (plaintiff's motion to remand; denial of same).
[3] See ECF Nos. 24, 69 (plaintiff's first and second amended complaints).
[4] See ECF Nos. 29, 36, 40 (defendants' sanctions request; grant of same). Plaintiff was ordered to pay $1,000.00 to defendants for not following court rules; intentionally filing altered paperwork, and filing false allegations about a defendant and his counsel. ECF Nos. 36 at 5-8; 40.
[5] See ECF No. 2 (original 239-page complaint).

Plaintiff has been provided an opportunity to object to the portions of the findings and recommendations with which he disagrees, and because legal research is not necessary to identify those matters and invoke the district judge's plenary review, the requested extension of time is not supported by good cause. Accordingly, plaintiff's request for an additional thirty days to file objections will be denied. His request that prison staff at CHCF be ordered to give him ten hours a week in the prison law library in order do to research to file such objections will also be denied as moot. Because the period for plaintiff to file objections has passed, the findings and recommendations will immediately be referred to the District Judge currently assigned to this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to file objections to the findings and recommendations issued August 21, 2023 (ECF No. 76 at 1-3) is DENIED, and

2. Plaintiff's request that prison personnel at California Health Care Facility be ordered to give him ten hours a week of time to do research for his objections to the pending findings and recommendations (ECF No. 76 at 1-3) is also DENIED as moot.

DATED: September 11, 2023.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3