1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KRZYSZTOF F. WOLINSKI,                    No.  2:17-cv-0583 DC AC P

12                    Plaintiff,

13          v.                                  ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14    J. LEWIS, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without an attorney in this civil rights action

18    brought under 42 U.S.C. § 1983.  Currently before the court are plaintiff's motions for law library

19    access and access to an ADA computer or to a loaner education laptop with the Canvas program,

20    plaintiff's motion for an extension of time, plaintiff's request for an order referring this case to the

21    court's Voluntary Dispute Resolution Program, and defendants' motion for terminating sanctions.

22    ECF Nos. 96, 97, 100, 106, 120.  For the reasons stated below, plaintiff's motions and requests

23    are denied, and the undersigned will recommend defendants' motion be granted.

24          I.          BACKGROUND

25                  A.  Factual Allegations

26          This court, on screening, determined that plaintiff's second amended complaint ("SAC")

27    stated cognizable First and Eighth Amendment claims against defendants W. Golsch, J.

28    Penaflorida, R. Longshore, R. Ward, R. Singh, and M. Gomez.  ECF No. 75 at 3-5.  In support of

                                                    1

1    these claims, plaintiff provided the following factual allegations.  After plaintiff filed a grievance

2    against Golsch for sleeping on the job, Golsch retaliated by denying plaintiff food, special diet

3    prescription, and medication.  ECF No. 69 at. 4, 12.  In peaceful protest to Golsch's actions,

4    plaintiff covered his cell windows.  Id. at 4, 12.  This led to defendants Golsch, Penaflorida, and

5    Longshore entering plaintiff's cell and assaulting him, even though he was already on the floor

6    and in restraints.  Id. at 12-13.  Ward and Singh witnessed the attack but failed to intervene or

7    protect plaintiff.  Id. at 5, 15-16.  Due to the assault, plaintiff's front tooth was broken, he suffered

8    internal bleeding and PTSD, he had multiple emergency repairs, and ultimately had to have his

9    spleen removed.  Id. at 4, 13.  These are the claims and facts on which this case proceeds.

10                   B.  Plaintiff's Miscellaneous Motions

11           Since the beginning of this case, plaintiff has filed multiple motions requesting access to

12    the law library.  In each, he has sought to have this court issue an order directing the wardens or

13    other individuals, who are not defendants in this case, to grant plaintiff additional and/or

14    expedited physical access to the prison law library.  See ECF Nos. 19, 26, 31, 79, 96, 97, 100.

15    The first three motions were denied based on lack of personal and subject matter jurisdiction.

16    ECF Nos. ECF No. 20 at 1; ECF No. 27 at 2; ECF No. 32 at 8.  In denying the second, the court

17    also found that although "plaintiff's past access to the prison law library has been significantly

18    curtailed," "the prison law library has provided plaintiff with over 9,800 legal copies since April

19    2017" and "plaintiff has been able to file several cogent pleadings in both state and federal court

20    that are replete with citations to case and statutory law."  ECF No. 27 at 3.  The court explained

21    that these circumstances suggests that "plaintiff's access to the prison law library is generally

22    adequate for his needs."  Id. at 3-4.  The order denying plaintiff's third motion added that

23    "plaintiff's response to defendants' motion for sanctions does not require legal research."  ECF

24    No. 32 at 9.  The fourth was accompanied by a motion for an extension of time to file objections

25    to findings and recommendations, which was denied as moot because a prior motion for extension

26    of time had already been denied and the district judge had already adopted the undersigned's

27    findings and recommendations.  ECF No. 81 at 1.

28           Now pending are plaintiff's fifth, sixth, and seventh motions for access to the law library.

2

ECF Nos. 96, 97, 100.  These motions overlap to some extent.  All three seek a court order

directing the warden, principal, and/or the law librarian of the California Medical Facility

("CMF") to provide plaintiff with expedited physical access to the law library and access to

prison law library's ADA computer or a loaner laptop with the Canvas program.  ECF No. 96 at

3; ECF No. 97 at 3; ECF No. 100 at 3.  The fifth motion also seeks (1) a court order granting the

warden and his servants 30 days to comply with the order and plaintiff an opportunity "to respond

and to plead in this case," ECF No. 96 at 3, and (2) an "extension of time to file his pleading, and

respond to oposed [sic] moving party, the courts findings and recommendations, etc."  ECF No.

96 at 1.  The sixth and seventh motions also seek (1) a court order directing the principal and

librarian of CMF to refrain from all further acts of obstruction to access the courts and

discrimination under the Americans with Disability Act ("ADA") and Section 504 of the

Rehabilitation Act ("RA"), ECF No. 97 at 1; ECF No. 100 at 1, and (2) an "adequate extension of

time to resolve this '[Un]constitutional' Despoliation of Plaintiff's fundamental Constitution[]

rights, and A.D.A. Title II Rights . . . ."  ECF No. 97 at 3; ECF No. 100 at 3.

C.  Defendants' Motion For Terminating Sanctions

i.  Court's Prior Order Granting Monetary Sanctions

In January 2018, defendants moved for sanctions against plaintiff under Federal Rules of

Civil Procedure 11(b) for making false misrepresentations to the Court and for "engaging in

personal attacks that were designed to harass, cause unnecessary delay, and needlessly increase

the cost of litigation."  ECF No. 29.  Plaintiff did not oppose the motion or respond to this court's

subsequent order to show cause why sanctions should not be imposed, despite the court granting

plaintiff a sixty-day extension to respond to the order to show cause.  ECF Nos. 32, 34, 36.  In

granting sanctions, the court found that, among other things, plaintiff has consistently failed to

adhere to court rules.  ECF No. 36 at 6.  The court warned that "[s]imilar actions taken by

plaintiff in the future may result in a recommendation that this lawsuit be dismissed" and that

"[p]laintiff is required to follow all rules and laws throughout these proceedings."  Id.  at 6-7.

The court indicated it would not recommend "the ultimate sanction of dismissal at this point,"

however, this second formal warning "will be taken into consideration if, at a later date, the court

1   must determine whether additional or more severe sanctions are necessary." Id. at 7. The court

2   further ordered plaintiff to pay $1,000 in monetary sanctions. See ECF Nos. 36 at 7; ECF No. 42.

3                          ii.   Discovery and Noncompliance

4           On December 12, 2023, the court issued a Discovery and Scheduling Order setting the

5   litigation schedule for this case. ECF No. 93. On February 15, 2024, defendants served plaintiff

6   with written discovery requests under Federal Rules of Civil Procedure 33 and 34, which

7   consisted of six separate interrogatory requests and one request for production. See ECF No. 106

8   at 5; ECF No. 106-1 at 2, 82. The deadline to respond was April 3, 2024. See ECF No. 93 at 5

9   (forty-five days to respond to written discovery requests); Fed. R. Civ. P. 6(d) (when service is

10  made by mail, three days are added to the deadline to act).

11          Because plaintiff did not respond to defendants' written discovery requests, defendants

12  sent plaintiff a letter alerting him to the missed deadline, provided an additional copy of the

13  discovery requests, and stated they were agreeable to extend the deadline to May 8, 2024, which

14  would be after plaintiff's scheduled deposition. ECF No. 106 at 5; ECF No. 106-1 at 84. When

15  plaintiff again failed to meet the discovery response deadline, the parties met and conferred. ECF

16  No. 106 at 5. Plaintiff indicated that he received the discovery requests and that he might need

17  more time to draft and send responses. Id. Accordingly, the parties agreed to extend the deadline

18  to June 30, 2024, if the court allowed the extension beyond the discovery cut off date. Id.

19  Defendants moved the court to allow for the extended deadline. ECF No. 102. Consistent with

20  the parties' agreement, the court ordered plaintiff to serve his responses to defendants' written

21  discovery by June 30, 2024. ECF No. 103. The court warned that "**No further extensions of

22  this deadline shall be granted**." Id. at 2 (emphasis in original).

23          Despite the court's warnings, plaintiff did not provide any discovery responses by the

24  deadline. Instead, two weeks after the deadline had passed, he filed a motion to extend the

25  deadline. ECF No. 104. The court denied plaintiff's untimely motion for lack of good cause.

26  ECF No. 105.[1]

27  _____

28  [1] On motion for reconsideration, the district judge upheld the undersigned's decision. ECF No. 113.

On July 30, 2024, defendants filed the pending motion for terminating sanctions seeking dismissal of this case, or in the alternative an order that plaintiff respond fully to defendants' discovery request without objection within fourteen days or risk termination of this case. ECF No. 106 at 6-10. Defendants argue that terminating sanctions are warranted because: (1) plaintiff has already been monetarily sanctioned and warned that failure to follow the rules and laws in these proceeding could result in a recommendation that this lawsuit be dismissed; and (2) plaintiff has failed to comply with his discovery obligations and has refused to comply with this court's order directing him to respond to defendants' written discovery requests, which were due, after several extensions, no later than June 30, 2024. Id. at 3.

On September 16, 2024, after time to respond had long passed, the court sua sponte granted plaintiff twenty-one days to file an opposition and warned that "**[n]o further extensions of time will be granted to plaintiff**." ECF No. 112 (emphasis in original). Instead of filing an opposition, plaintiff filed another motion for extension of time, and for the first time argued that he never received a copy of defendants' motion for sanctions and that defense counsel failed to serve it on him. ECF No. 114 at 1. The undersigned rejected this argument because plaintiff did not make this statement under penalty of perjury, there was a certificate of service confirming service, and plaintiff had confirmed he received an August 2024 order that referred to the pending motion for terminating sanctions, so it could not be true that he did not learn about the motion until the undersigned's September 16, 2024, order. ECF No. 117 at 1-2. The undersigned denied plaintiff's motion and deemed the motion for terminating sanctions submitted on the papers. Id. at 2. That same day, the court received plaintiff's untimely opposition to defendants' motion for terminating sanctions. ECF No. 118. Plaintiff is currently seeking reconsideration of the undersigned's decision denying plaintiff an extension of time to oppose the motion for terminating sanctions. See ECF No. 119.[2]

////

////

---

[2] The motion for reconsideration is currently pending before the district court judge.

1    II.    DISCUSSION

2    A.    Plaintiff's Miscellaneous Motions

3    As with prior motions for law library access, the court denies plaintiff's motions to direct

4    the warden, principal, and law librarian of CMF, who are not defendants in this case, to provide

5    plaintiff with expedited physical access to the law library and access to the prison law library's

6    ADA computer or loaner laptop with the Canvas program because the court lacks jurisdiction.

7    See ECF No. 20 at 1; ECF No. 27 at 2; ECF No. 32 at 8; see also Zepeda v. United States

8    Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("[A] federal court may [only] issue an

9    injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

10    claim; it may not attempt to determine the rights of persons not before the court.").  The court

11    further denies these motions because plaintiff's responses to written discovery requests do not

12    require legal research and despite plaintiff's claims of lack of access to the law library or

13    equipment needed to communicate with the court, plaintiff has been able to file these motions and

14    other notices with the court.  See ECF Nos. 96, 97, 100, 101.

15    The court also denies plaintiff's motion for a court order directing the principal and law

16    librarian of CMF to refrain from all further acts of obstruction to access to the courts and

17    discrimination under the ADA and RA for lack of jurisdiction.  See Zepeda, 753 F.2d at 727.

18    Additionally, to the extent plaintiff is attempting to amend his complaint to add new

19    access to court, ADA, and/or RA claims, he cannot do so.  See Fed. R. Civ. P. 15(a)(2) (After the

20    filing of a responsive pleading, "a party may amend its pleading only with the opposing party's

21    written consent or the court's leave.").  Even if he could, adding these new defendants and claims

22    would not be appropriate.  See Fed. R. Civ. P. 20(a)(2) (a plaintiff may join multiple defendants

23    in one action where "any right to relief is asserted against them jointly, severally, or in the

24    alternative with respect to or arising out of the same transaction, occurrence, or series of

25    transactions and occurrences" and "any question of law or fact common to all defendants will

26    arise in the action."); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated

27    claims against different defendants must be pursued in separate lawsuits).

28    Finally, to the extent plaintiff is seeking an extension of time to respond to defendants'

6

1    discovery requests through a general extension time to proceed with this case, this request is

2    denied as moot.  See ECF No. 96 at 1 (plaintiff seeking a general extension time to proceed with

3    this case); ECF No. 97 at 3 (same); ECF No. 100 at 3 (same).  On June 3, 2024, the undersigned

4    granted plaintiff an extension of time to serve responses to defendants' written discovery requests

5    by June 30, 2024.  ECF No. 103.  This request is also moot in light of the undersigned's

6    recommendation to grant terminating sanctions.

7              B.  Motion for Sanctions

8          The Local Rules of the Eastern District provide wide latitude to the court with regard to

9    sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of

10   the court may result in the imposition of "any and all sanctions authorized by statute or Rule or

11   within the inherent power of the Court."  L.R. 110.  Moreover, the Federal Rules of Civil

12   Procedure specifically contemplate dismissal as a sanction for failing to comply with an order

13   compelling discovery.  Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to

14   "dismiss[] the action or proceeding in whole or in part" if a party fails to comply with a discovery

15   order.  Fed. R. Civ. P. 37(b)(2)(A)(v).  Similarly, under Federal Rule of Civil Procedure 41(b),

16   "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may

17   move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

18         It is within the discretion of a district court to order dismissal sanctions.  Olivia v.

19   Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary

20   Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)).  However, because "dismissal is a harsh

21   penalty . . . it should only be imposed in extreme circumstances."  Hernandez v. City of El Monte,

22   138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963

23   F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482

24   F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating

25   sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).  The court must

26   consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in

27   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

28   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

1    (5) the availability of less drastic sanctions.'" <u>Hernandez</u>, 138 F.3d at 399 (quoting <u>Henderson v.</u>

2    <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The fifth factor is comprised of three subparts,

3    which include "whether the court has considered lesser sanctions, whether it tried them, and

4    whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."

5    <u>Conn. Gen. Life Ins.</u>, 482 F.3d at 1096 (citation omitted).

6         Not all factors must cut in favor of dismissal for terminating sanctions to be imposed.

7    <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 133 n.2 (9th Cir. 1987); <u>see also</u> <u>Ferdik</u>, 963 F.2d at

8    1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring

9    disposition on the merits both weighed against dismissal, they would not outweigh the other three

10   factors that strongly support dismissal here." (citation omitted)).

11        Here, the five factors weigh in favor of and justify dismissal of this case.

12              i.    <u>Public Interest in the Expeditious Resolution of Cases</u>

13        "[T]he public's interest in expeditious resolution of litigation always favors dismissal."

14   <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiff commenced this case

15   almost eight years ago.  Despite this, the parties have not completed discovery.  This is in large

16   part due to plaintiff's repeated requests for extensions of time and failure to comply with federal

17   law and this courts rules and orders.  <u>See</u> docket, generally.  Most recently, plaintiff's failure to

18   participate in discovery has delayed the expeditious resolution of this case, particularly where

19   discovery responses were originally due nine months ago.  The public interest in efficient

20   resolution of cases has thus been thwarted by plaintiff's refusal to participate in the discovery

21   process, and this factor therefore weighs in favor of dismissal.

22              ii.   <u>The Court's Need to Manage Its Docket</u>

23        Plaintiff's continued failure to cooperate in discovery and follow the court's orders has

24   already consumed a considerable amount of limited judicial time and resources.  The Eastern

25   District of California has one of the heaviest caseloads in the country, and plaintiff's behavior,

26   which has caused unnecessary delays, has already resulted in monetary sanctions and is now the

27   basis for the instant motion for terminating sanctions.  Despite defendants' efforts to resolve the

28   discovery issue without court intervention, plaintiff's behavior and noncompliance have

8

repeatedly demanded this court's attention, time, and resources. Considerations of judicial economy weigh strongly in favor of terminating sanctions. Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

                  iii.   Risk of Prejudice to the Defendant

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)). Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991).

Plaintiff has, after first failing to respond by the original deadline and the extended deadline to defendants' discovery requests, failed to comply with the court's order directing him to provide responses by June 30, 2024. Without factual and evidentiary information, defendants are unable to fully assess the claims against them and defend themselves. Because defendants are entitled to have their discovery requests answered, plaintiff's *complete* failure to respond is decidedly prejudicial to defendants.

The prejudice to defendants is not counterbalanced by any legitimate reason for plaintiff's default. Even if the court considers plaintiff's untimely opposition to terminating sanctions, which it has no obligation to do, plaintiff's stated reasons for defaulting are unpersuasive. Plaintiff claims to have not been served a copy of the motion, and states that he first learned about the motion after the court's September 16, 2024, order. ECF No. 118 at 1. Defendants filed a certificate of service (ECF No. 107), however, and plaintiff himself has previously acknowledged receiving the "Proposed Order Granting Defendants Motion to Vacate Deadline to File Motion for Summary Judgment Pending Order on Motion for Terminating Sanctions," which was filed and served on August 19, 2024. See ECF No. 114 at 1. The court granted defendant's motion to vacate the summary judgment deadline pending resolution of the motion for terminating

1    sanctions, and that order was served on plaintiff on August 22, 2024.  ECF No. 109.  On this

2    record, plaintiff's claim that he was unaware of the motion for sanctions is not credible.

3        As for the outstanding discovery, plaintiff contends that he could not respond to

4    defendants' requests because he did not have adequate access to the law library and had been

5    transferred or had his property, including his typewriter, withheld for periods of time.  ECF No.

6    118 at 2-3.  It is clear from plaintiff's own statements that there were periods of time between

7    February 15, 2024 and June 30, 2024—specifically between April 4 and June 12, 2024—when he

8    did have access to the law library.  Id. at 4-5.  It is apparent that plaintiff could have responded to

9    interrogatories and requests for production at that time but chose not to.  This is further evidenced

10   by plaintiff's ability to file multiple documents with the court in April and May of 2024.  See

11   ECF Nos. 96, 97, 100, 101.  Furthermore, the court notes that plaintiff did not need to engage in

12   legal research to respond to the discovery requests, which were all factual questions he should be

13   able to answer regarding his claims.

14       Lastly, to the extent plaintiff now claims that he did not think he needed to respond to the

15   interrogatories because of a conversation he had with opposing counsel on May 24, 2024, the

16   court is not persuaded for several reasons.  First, defendants' letter to plaintiff extending the

17   deadline to respond to the written discovery requests by May 8, 2024, after his initially scheduled

18   deposition, indicated that responses to written discovery would still be necessary even after the

19   deposition.  ECF No. 106-1 at 84.  Second, on May 30, 2024, after plaintiff's deposition, the

20   defendants filed and served on plaintiff their unopposed motion to extend the time for plaintiff to

21   respond to defendants' written discovery requests.  ECF No. 102.  This would have clarified any

22   genuine misunderstanding.  And third, on June 3, 2024, the court ordered plaintiff to serve his

23   responses to defendants' written discovery requests on defendants by June 30, 2024.  ECF No.

24   103.  On this record, plaintiff's claim of an innocent misunderstanding is not credible.

25       Because defendants have been prejudiced by plaintiff's failure to comply with his

26   discovery obligations and this court's order, and plaintiff has not provided a justifiable reason for

27   his default, this factor also strongly favors dismissal.

28   ////

1    iv.    Public Policy Favoring Merits Resolution

2        The general policy favoring disposition of cases on their merits weighs generally against

3    terminating sanctions.  Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted).

4    That said, this policy alone is not sufficient to outweigh the other factors discussed here.  Leon v.

5    IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).  Additionally, where a

6    case "is stalled or unreasonably delayed by a party's failure to comply with deadlines and

7    discovery obligations" and "cannot move forward toward resolution on the merits" because of

8    this party's failure—which is the case here—this factor does not weigh in favor of disposition on

9    the merits.  See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217

10    (9th Cir. 2006).

11    v.    Availability and Effectiveness of Lesser Sanctions

12        The court finds that no other, lesser sanctions would be satisfactory or effective.  The

13    court has tried lesser sanctions, including monetary sanctions and warnings that failure to comply

14    with federal laws and court rules could result in dismissal of this action.  See ECF Nos. 36, 42;

15    see also Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d

16    1421, 1424 (9th Cir. 1986)) (The "court's warning to a party that his failure to obey the court's

17    order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

18    Nonetheless, plaintiff has continued to disregard this court's rules, orders, and deadlines.  There is

19    no reason to believe he will start complying now, almost eight years into the litigation.  For these

20    reasons, the court finds that lesser sanctions would be ineffective and insufficient to address

21    plaintiff's behavior, and this factor therefore favors dismissal.

22    III.    CONCLUSION

23        Accordingly, IT IS HEREBY ORDERED that:

24        1.  Plaintiff's motions for law library access and access to an ADA computer or loaner

25    laptop with the Canvas program (ECF Nos. 96, 97, 100) are DENIED; and

26        2.  In light of the findings and recommendations, plaintiff's request for a referral to this

27    court's Voluntary Dispute Resolution Program (ECF No. 120) is DENIED without prejudice.

28    Should the assigned district judge decline to adopt the undersigned's findings and

1  recommendations, plaintiff can, if appropriate, renew his motion at a later date.[3]

2          Further, IT IS RECOMMENDED that:

3      1.  Defendants' motion for terminating sanctions (ECF No. 106) be GRANTED; and

4      2.  This action be dismissed, with prejudice, for failure to comply with this court's orders.

5  See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

6          These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11 objections shall be served and filed within fourteen days after service of the objections.  The

12 parties are advised that failure to file objections within the specified time may waive the right to

13 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14 DATED: January 16, 2025

15                                            _____

16                                            ALLISON CLAIRE
                                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26 [3]  Plaintiff is advised that he should not file a document with the title "Stipulation for an Order to
    Elect Referral of Action to Voluntary Dispute Resolution Program (VDRP) Pursuant to Local
27 Rule 271" unless all parties have stipulated to referral.  See L.R. 271(c)(3).  Plaintiff is further
    advised that although he can file a request for referral to the VDRP at any time, the court will not
28 order referral unless defendants also voluntarily agree to it.  L.R. 271(b)(4).

                                              12