UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>J. LEWIS, et al.,<br><br>    Defendants. | No. 2:17-cv-0583 DC AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the court is plaintiff's motion to disqualify the magistrate judge under 28 U.S.C. §§ 144, 455(a). ECF No. 124.

Plaintiff's motion asserts that the undersigned should be disqualified because the magistrate judge (1) has an interest in the litigation, (2) lacks impartiality, (3) discriminates systematically against pro-se plaintiffs with serious disabilities, (4) refuses to adhere to established laws, (5) implements a culture and appearance of bias towards pro-se plaintiff in this case, who is disabled and illiterate. Id. at 1. Plaintiff asserts that his motion "is based on this document, on the attached affidavit of bias, certificate of service, attached memorandum of points and authorities in support to this motion, and all of the pleadings, papers and all records on file in this action." Id. at 2.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall *disqualify himself* in any proceeding in which his impartiality might reasonably be questioned." (emphasis added). Section 144 provides "[w]henever a party to any proceeding in a district court makes and files a timely and *sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144 (emphasis added). If the affidavit is legally sufficient, a judge cannot proceed and must assign a different judge to hear the matter. See id.; see also United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). However, if the affidavit under § 144 lacks sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citations omitted).

Under both recusal statutes, the substantive standard for legal sufficiency is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)). "To provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias." Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal citation omitted).

The undersigned declines to recuse herself. Plaintiff asserts that the undersigned has an interest in the litigation and discriminates systematically against pro-se plaintiffs with serious disabilities, but provides no evidence in support of these conclusory assertions. Plaintiff also asserts that the undersigned fails to adhere to established laws and applies laws that have long been abandoned to review motions for recusal against her, which only reinforces bias and prejudice. However, Studley and Mayes continue to be binding precedent in this circuit. Moreover, a careful review of plaintiff's motion and supporting declaration reveal that plaintiff's motion is based entirely on his dissatisfaction with prior adverse rulings by the undersigned. Prior adverse rulings, however, are a legally insufficient basis for recusal.

////

Accordingly, IT IS HEREBY ORDERED that the motion to disqualify the magistrate judge (ECF No. 124) is denied.

DATED: March 31, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE