UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>             Plaintiff,<br><br>      v.<br><br>J. LEWIS, et al.,<br><br>             Defendants. | No.  2:17-cv-00583-DC-AC (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR RECONSIDERATION, DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT, ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS<br><br>(Doc. Nos. 106, 119, 121, 128, 129) |

Plaintiff Krzysztof F. Wolinski is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2024, Defendants filed a motion for terminating sanctions, requesting the court dismiss this case due to Plaintiff's repeated failures to comply with his discovery obligations, the court's orders, the Local Rules, the Federal Rules of Civil Procedure, and because the court had already issued an order requiring Plaintiff to pay monetary sanctions in the amount of $1,000.00 and Plaintiff proceeded undeterred by the court's warning that he "is required to follow all state and federal rules and laws throughout these proceedings," (*see* Doc. No. 36). (Doc. No. 106.) Because Plaintiff did not file a timely response to that motion, the magistrate

1  judge issued an order on September 16, 2024 *sua sponte* granting Plaintiff an extension of time to
2  file an opposition or statement of non-opposition to Defendants' motion and warning that "[n]o
3  further extensions of time will be granted to plaintiff." (Doc. No. 112.) Despite that warning,
4  Plaintiff did not file a response to Defendants' motion but rather filed a motion for an extension
5  of time, asserting—for the first time—that he had not received a copy of their motion. (Doc. No.
6  114.) On October 15, 2024, the magistrate judge denied Plaintiff's motion for an extension of
7  time because Plaintiff had "not demonstrated good cause for the requested extension of time."
8  (Doc. No. 117.)

9  On October 28, 2024, Plaintiff filed a request for reconsideration by the undersigned of
10 the magistrate judge's October 15, 2024 order denying his motion for an extension of time. (Doc.
11 No. 119.) The standard of review for "all such requests is the 'clearly erroneous or contrary to
12 law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

13 Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may
14 be referred to and decided by a magistrate judge, subject to review by the assigned district judge.
15 Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of
16 the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R.
17 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual determinations are
18 reviewed for clear error, while legal conclusions are reviewed to determine whether they are
19 contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled*
20 *on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate
21 judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an
22 element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or
23 rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1
24 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly
25 deferential, requiring a definite and firm conviction that a mistake has been committed."
26 *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602,
27 623 (1993) (internal quotation marks omitted).

28 Here, Plaintiff requests reconsideration of the magistrate judge's October 15, 2024 order

1  but he does not articulate any basis for reconsideration, nor explain how the magistrate judge's
2  order is "clearly erroneous or contrary to law." Instead, Plaintiff appears to conflate the standard
3  for ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) with the legal
4  standard for reconsideration, because he asserts that the magistrate judge erred by not accepting
5  as true his assertion that he had not received a copy of Defendants' motion. (Doc. No. 119 at 4.)
6  Plaintiff is mistaken. The magistrate judge applied the correct legal standard, which requires
7  Plaintiff to demonstrate good cause. Further, the magistrate judge did not err in finding Plaintiff
8  had failed to show good cause for the requested extension of time given that Plaintiff
9  acknowledged he received Defendants' proposed order granting their motion, and his lengthy
10 supporting declaration signed under penalty of perjury does not include a statement that he had
11 not received a copy of Defendants' motion. (*See* Doc. Nos. 114, 117.) For these reasons,
12 Plaintiff's request for reconsideration of the magistrate judge's October 15, 2024 order will be
13 denied.
14     On January 17, 2025, the magistrate judge issued findings and recommendations
15 recommending that Defendants' motion for terminating sanctions (Doc. No. 106) be granted and
16 this action be dismissed, with prejudice, due to Plaintiff's failure to comply with the court's
17 orders. (Doc. No. 121.) Specifically, the magistrate judge found dismissal warranted because: (i)
18 Plaintiff's complete refusal to participate in the discovery process impedes resolution of this case,
19 which has been pending for over eight years and still discovery has not been completed; (ii)
20 Plaintiff's "behavior and noncompliance repeatedly demanded this court's attention, time, and
21 resources"; (iii) "Plaintiff's complete failure to respond [to Defendants' discovery requests] is
22 decidedly prejudicial to Defendants"; and (iv) the court tried lesser sanctions, including monetary
23 sanctions and warnings, yet "Plaintiff has continued to disregard this court's rules, orders, and
24 deadlines." (*Id.* at 8–11.) Those findings and recommendations were served on the parties and
25 contained notice that any objections thereto were to be filed within twenty-one (21) days from the
26 date of service. (*Id.* at 12.) On February 28, 2025, Plaintiff filed objections to the pending
27 findings and recommendations. (Doc. No. 126.) Defendants did not file a response thereto or
28 objections of their own.

In his objections to the pending findings and recommendations, Plaintiff first restates his factual allegations and expresses his dissatisfaction with the magistrate judge's rulings on Plaintiff's numerous requests for an order directing non-parties to provide him expedited access to the law library and an ADA computer. (*Id.* at 1–10.) However, Plaintiff's dissatisfaction with the magistrate judge's denial of those requests is not material to the pending findings and recommendations. Second, Plaintiff asserts the magistrate judge is biased against him because he is disabled, and the court previously sanctioned him due to this bias and prejudice. (*Id.* at 2, 12, 17.) Plaintiff's unsupported accusations of bias simply do not meaningfully address the substance of the pending findings and recommendations, which centered on Plaintiff's repeated failures to comply with the court's orders and rules. In short, Plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis. The court will therefore adopt the pending findings and recommendations and grant Defendants' motion for terminating sanctions.

On February 7, 2025, Plaintiff filed a motion to disqualify the magistrate judge on the grounds that she lacks impartiality, discriminates against *pro se* plaintiffs with disabilities, refuses to adhere to established laws, and implements a culture of bias towards Plaintiff. (Doc. No. 124.) On March 31, 2025, the magistrate judge issued an order denying Plaintiff's motion for disqualification. (Doc. No. 127.) On April 17, 2025, Plaintiff filed a request for reconsideration by the undersigned of the magistrate judge's March 31, 2025 order denying Plaintiff's motion for disqualification of the magistrate judge. (Doc. No. 128.) As noted above, the undersigned finds Plaintiff's accusations of bias to be unsupported. As reflected in Plaintiff's filings, Plaintiff remains dissatisfied with the magistrate judge's rulings denying his numerous requests for an ADA computer and expedited access to the law library, despite the magistrate judge's repeated explanation that the court does not have jurisdiction over the wardens and law librarians because they are not parties to this litigation. As the magistrate judge correctly stated in the March 31,

2025 order, "[t]o provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias." (Doc. No. 127 at 2) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)). For these reasons, the undersigned does not find the magistrate judge's March 31, 2025 to be "clearly erroneous or contrary to law." Thus, the court will deny Plaintiff's request for reconsideration of that order.

Finally, on April 17, 2025, Plaintiff filed a "motion to alter judgment" pursuant to Federal Rule of Civil Procedure 59(e), (Doc. No. 129), which the court will deny because judgment has not been entered in this case, and in any event, Plaintiff merely repeats the arguments he advanced in his motion for disqualification.

Accordingly,

1. The findings and recommendations issued on January 17, 2025 (Doc. No. 121) are ADOPTED in full;
2. Defendants' motion for terminating sanctions (Doc. No. 106) is GRANTED;
3. This action is DISMISSED, with prejudice, due to Plaintiff's failure to comply with court orders;
4. Plaintiff's requests for reconsideration (Doc. Nos. 119, 128) are DENIED;
5. Plaintiff's motion to alter judgment (Doc. No. 129) is DENIED; and
6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __June 24, 2025__

Dena Coggins
United States District Judge